THE STATE OF OHIO, APPELLEE, *v.* RHINEHART, APPELLANT.

(No. 11164—Decided October 26, 1983.)

*Ms. Saundra Robinson,* city prosecutor, for appellee.

*Mr. J. Dean Carro* and *Appellate Review Office, University of Akron School of Law,* for appellant.

GEORGE, J. The defendant-appellant, Stanley Rhinehart, while driving a taxicab, was stopped for going through a red light. He was arrested when he refused to sign the traffic citation. As a result of the arrest, Rhinehart was charged with assault of a police officer and resisting arrest, in violation of R.C. 2903.13 and 2921.33, respectively. Rhinehart was tried by a jury and a verdict was returned finding him not guilty of assault. The jury was unable to reach a verdict on the charge of resisting arrest. The court accepted the verdict of not guilty on the assault charge and discharged the jury pursuant to R.C. 2945.36.

A new trial was scheduled for the charge of resisting arrest. Prior to the retrial, Rhinehart filed a motion to dismiss the charge of resisting arrest on two grounds: (1) the trial court should have rendered a judgment of acquittal, pursuant to Crim. R. 29(C); and (2) Rhinehart had been once placed in jeopardy based on the same facts. The motion was denied in its entirety and an appeal was then filed. Trial was stayed pending this appeal.

Rhinehart raises a single assignment of error. He argues that the trial court erred by denying his motion to dismiss the charge of resisting arrest when the underlying factual issues were previously litigated and he was acquitted of assault upon those same factual issues. Rhinehart urges that the relitigation of these issues at a second trial is prohibited by the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States.

The facts giving rise to the three charges occurred on December 16, 1982, at approximately 2:40 a.m. Rhinehart drove through an intersection and was stopped for running a red light by two police officers. A citation was written requiring Rhinehart to make a court appearance. Rhinehart refused the officers' request to sign the Uniform Traffic Ticket. As a result of this refusal, Rhinehart was placed under arrest and escorted back towards the cruiser while one of the officers held Rhinehart by the elbow. Rhinehart swung his elbow away. The officer who had previously held Rhinehart's elbow responded by placing Rhinehart in a bear hug and by pressing him against a vehicle. Rhinehart responded by grabbing the officer's hair with both hands and shaking his head by the hair.

The second officer came to the rescue of the first, striking Rhinehart on the head with his flashlight. Rhinehart· and the first officer fell to the ground, still attached to each other by the bear hug and the hair. The second officer again struck Rhinehart in the head with the flashlight, at which point Rhinehart let go of the first officer's hair. The two officers then proceeded to handcuff Rhinehart. The paddy wagon arrived and Rhinehart was transported to the hospital for stitches for the lacerations to his head.

In *Blockburger* v. *United States* (1932), 284 U.S. 299, at 304, the United States Supreme Court set out the test to be used in determining whether two statutory provisions are sufficiently distinguishable to permit multiple punishments:

"* * * The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. * * *"

This test focuses upon the elements of the two statutory provisions, not upon the evidence in a given case. So that each statute requires proof of an additional fact which the other does not, the state is permitted to seek a conviction and punishment under both statutes in separate trials or in the same trial.

In *Ashe* v. *Swenson* (1970), 397 U.S. 436, the United States Supreme Court held that an acquittal on a charge of robbing one of several participants in a poker

158

game established that the defendant was not present at the robbery. Thus, the court held that the principle of collateral estoppel embodied in the Double Jeopardy Clause barred further prosecutions of the defendant for robbing the other victims. This replication of evidence test (where the second prosecution requires the relitigation of factual issues already resolved by the first prosecution) bars successive prosecutions even if two offenses are sufficiently different to permit the imposition of multiple sentences.

In *Harris* v. *Oklahoma* (1977), 433 U.S. 682, the United States Supreme Court applied the replication of evidence test, holding that a person may not be subjected to multiple prosecutions when proof of the one offense is necessary, as a practical matter, to prove the other, and both completed offenses arose out of the same criminal conduct.

Here, a determination must be made as to whether the offenses of resisting arrest and assault are distinguishable, by requiring proof of a fact which the other does not require. Since Rhinehart has been previously tried for the offenses of assault and resisting arrest and has been acquitted of the offense of assault, is the state prohibited from relitigating the factual issues already resolved in the prior trial? Or do the facts of this case present an exception to the general rule prohibiting multiple prosecutions?

Assault requires the proof of a fact which resisting arrest does not: causing or attempting to cause physical harm to another. Conversely, resisting arrest requires proof of a fact which assault does not: resisting or interfering with a lawful arrest. So that despite the fact that these two offenses occurred out of the same transaction, they require proof of different facts. Thus, they are distinguishable from *Ashe* and *Harris*.

Additionally, assault and resisting arrest are dissimilar offenses because each requires a separate animus. Assault requires that "[n]o person shall knowingly cause or attempt to cause physical harm to another." R.C. 2903.13(A). Resisting arrest, on the other hand, requires that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest * * *." R.C. 2921.33(A).

Here, a single transaction resulted in a violation of two statutes. Since each offense requires proof of an additional fact which the other does not, and since the culpable mental states of the two offenses differ, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

Therefore, it is clear from the two charges here (assault and resisting arrest) that the defendant's acquittal on the charge of assault and the jury's inability to reach the verdict on the charge of resisting arrest do not bar the state from proceeding to a new trial on the charge of resisting arrest. The case scheduled for retrial is one upon which the jury could not reach a verdict. Therefore, the claim of being once placed in jeopardy is not meritorious. This assignment of error is overruled and the judgment of the Akron Municipal Court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.

REECE, J., of the Court of Common Pleas of Summit County, sitting by assignment in the Ninth Appellate District.