OPINION
{¶ 1} On November 23, 2001, officers of the Conneaut Police Department received a complaint that William J. Loomis ("appellant") was trespassing at the residence of Rona Gregory. Police officers attempted to escort appellant, who appeared to be intoxicated, from the premises and he became belligerent. Officers arrested appellant for disorderly conduct. Officer Matia then attempted to place appellant in the back seat of a patrol car. As Matia did so, appellant kicked Matia in the face.
 {¶ 2} Appellant was charged with resisting arrest, R.C. 2921.22(B), as a result of this incident. This charge was adjudicated in the Conneaut Municipal Court. Appellant pleaded no contest to this charge and was sentenced to ten days in jail.
 {¶ 3} Subsequently, appellant was indicted by the Ashtabula County Grand Jury on one count of assault on a peace officer, R.C. 2903.13(A) and (C)(3), a fourth degree felony. Appellant pleaded not guilty and moved to dismiss the charges arguing his indictment for assaulting a peace officer constituted double jeopardy. The trial court denied the motion. Appellant then changed his plea to no contest and was found guilty of assault on a peace officer. The trial court sentenced appellant to twelve months in prison. Appellant filed a timely appeal asserting the following assignments of error:
 {¶ 4} "[1.] The trial court erred to the prejudice of the defendant-appellant in denying his motion to dismiss the felony charge based on double jeopardy."
 {¶ 5} "[2.] Defendant-appellant was denied due process of law in violation of Ohio Crim.R. 11, the Fourteenth Amendment to the United States Constitution and Article I, Section X of the Ohio Constitution where the trial court failed to comply with Ohio [Crim.R. 11]."
 {¶ 6} "[3.] Defendant-appellant was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the [United States] Constitution and Article I, Section X of the Ohio Constitution."
 {¶ 7} In his first assignment of error, appellant argues the trial court erred in denying his motion to dismiss. He contends the charge of resisting arrest arising from the same incident was a lesser included offense of assault on a peace officer and was an allied offense under R.C. 2941.25. We disagree.
 {¶ 8} This assignment of error presents a question of law; thus, our standard of review is de novo. State v. Ellenburg (July 9, 1998), 4th Dist. No. 97CA597, 1998 Ohio App. LEXIS 3334, 3.
 {¶ 9} The Fifth Amendment's Double Jeopardy Clause precludes successive prosecutions and successive punishments for the same criminal offense. United States v. Dixon (1993), 509 U.S. 688, 696, citing NorthCarolina v. Pearce (1969) 395 U.S. 711.
 {¶ 10} In determining whether successive prosecutions run afoul of the Double Jeopardy Clause, we apply the "same elements" test.[1] This test asks whether "each offense contains an element not contained in the other; if not, they are the `same offence' and double jeopardy bars additional punishment and successive prosecution." Id. See also, Statev. Bentley, (Dec. 6, 2001), 4th Dist. No. 01CA13, 2001-Ohio-2398, 2001 Ohio App. LEXIS 5698, 7-8.
 {¶ 11} In the instant case, appellant was first charged with resisting arrest under R.C. 2921.33(B). This statute provides, "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer."
 {¶ 12} Appellant was then indicted for assault on a peace officer under R.C. 2903.13(A) and (C)(3). R.C. 2903.13(A) provides, "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."[2]
 {¶ 13} While there is some correspondence between the elements of each offense, resisting arrest contains the additional element of resistance of a lawful arrest. Thus, one can commit the offense of assault without committing the offense of resisting arrest. Likewise, one can resist arrest without committing assault.
 {¶ 14} "If proof of an additional element is required to sustain a conviction for one of the offenses, then the accused may be prosecuted for both offenses without violating the protection [recognized] by the Double Jeopardy Clause." State v. Beard (June 5, 1991), 12th Dist. No. CA98-02-019, 1998 Ohio App. LEXIS 5995, 13, citing State v. Tolbert
(1991), 60 Ohio St.3d 89, 91. The offense of resisting arrest requires proof of an additional element; thus, the trial court properly denied appellant's motion to dismiss, as the subsequent prosecution for assault of a peace officer did not constitute double jeopardy. See, Ellenburg,Beard, Bentley, supra.
 {¶ 15} Appellant also argues assault on a peace officer is an allied offense of resisting arresting arrest under R.C. 2941.25. This statute provides:
 {¶ 16} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 17} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 18} As with Double Jeopardy, we begin our analysis by comparing the elements of the offenses.
 {¶ 19} "Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Newark v. Vazirani (1990),48 Ohio St.3d 81, syllabus, overruled on other grounds, State v. Rance,85 Ohio St.3d 632, 638, 1999-Ohio-291.
 {¶ 20} As we discussed, resisting arrest requires proof of the additional element of resistance of a lawful arrest. The elements of the offenses do not correspond to such a degree that commission of one crime results in commission of the other. Resisting arrest and assault on a peace officer are not allied offenses under R.C. 2941.25. Because the elements do not correspond, we need not consider the second part of the allied offense analysis.
 {¶ 21} Appellant's first assignment of error is without merit.
 {¶ 22} In his second assignment of error, appellant contends the trial court failed to comply with Crim.R. 11(C)(2)[3] because he did not understand what he was admitting to. We disagree.
 {¶ 23} In State v. Nero (1990), 56 Ohio St.3d 106, the court stated:
 {¶ 24} "Literal compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance.
 {¶ 25} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. at 108.
 {¶ 26} A defendant who contends that his guilty plea was not knowingly, intelligently, and voluntarily made must also show a prejudicial effect. Id.
 {¶ 27} In this case, appellant initially seemed confused as to the nature of the charge against him; however, a review of the record shows the trial court explained the charge to appellant and the difference between resisting arrest and assault on a peace officer. Appellant then stated he understood the charge.
 {¶ 28} The trial court substantially complied with Crim.R. 11(C) and appellant's second assignment of error is without merit.
 {¶ 29} In his third assignment of error, appellant contends he was denied effective assistance of counsel because his trial counsel failed to argue resisting arrest and assault on a peace officer were allied offenses under R.C. 2941.25. We disagree.
 {¶ 30} When we review an ineffective assistance claim, the benchmark is "[w]hether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington (1984), 466 U.S. 669, 686. To prevail on a claim of ineffective assistance, appellant must show his counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment." Id. at 687. Appellant must also show prejudice resulting from the deficient performance. Id. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. Appellant must show "* * * that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. We presume counsel's conduct was within the wide range of reasonable professional assistance. Id. See, also, State v. Bradley (1989), 42 Ohio St.3d 136, 143.
 {¶ 31} We need not address the two prongs of an ineffective assistance claim in the order set forth in Strickland.
 {¶ 32} "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, supra at 697.
 {¶ 33} Because we have determined resisting arrest and assault on a peace officer are not allied offenses under R.C. 2941.25, appellant is unable to demonstrate he suffered prejudice because of his trial counsel's failure to raise this issue. Appellant's third assignment of error is without merit.
 {¶ 34} For the foregoing reasons the judgment of the Ashtabula County Court of Common Pleas is affirmed.
O'Neill, J., Grendell, J., concur.
[1] This test is also referred to as the Blockburger test. Blockburger
v. United States (1932), 284 U.S. 299.
[2] R.C. 2903.13(C)(3) provides, "If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree."
[3] Crim.R. 11(C)(2) provides:
"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."