OPINION
{¶ 1} Defendant-appellant, Shane Martin, appeals his conviction in the Madison County Court of Common Pleas for assault on a peace officer, in violation of R.C. 2903.13(A) and (C)(3). We affirm the conviction.
 {¶ 2} On April 3, 2004, appellant was involved in a physical altercation with Monica Fox, the maternal grandmother of his children, outside his mother's residence. During the scuffle, appellant punched Fox in the face. A neighbor, an off-duty police officer, contacted Mount Sterling police and Officer Brian Botkins responded. Because the residence was located just outside Mt. Sterling, but within Madison County, Lieutenant Doug Crabbe and Deputy Jay Scaggs of the Madison County Sheriff's Department were also dispatched. Upon arrival, Lt. Crabbe found appellant sitting inside the open garage, holding one of his children. Appellant was visibly agitated and yelling, and had what appeared to be blood on his shirt.
 {¶ 3} Fox related the sequence of events to Lt. Crabbe, who saw that Fox's eye had begun to bruise. When appellant eventually re-leased the child, Lt. Crabbe approached appellant and informed him that he was being placed under arrest for assault, a misdemeanor offense. Appellant resisted and a struggle ensued. With the assistance of the other officers at the scene, Lt. Crabbe was able to place appellant in the back of the Mt. Sterling police cruiser. As appellant was being placed in the cruiser, he kicked Lt. Crabbe in the face causing him injury.
 {¶ 4} Appellant was charged with assault on a peace officer and the matter proceeded to a jury trial. Appellant was found guilty and sentenced accordingly. He appeals, raising five assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN RULING THAT THE LAWFULNESS OF A WARRANTLESS ARREST OF A DEFENDANT IN A PRIVATE HOME IS IRRELEVANT IN A FELONY PROSECUTION FOR ASSAULT ON A PEACE OFFICER CLAIMING TO BE PERFORMING HIS OFFICIAL DUTIES."
 {¶ 7} In this assignment of error appellant first contends that it was unlawful for the officer to make a warrantless arrest for the misdemeanor assault offense which the officer did not observe. It is true that "[a]s a general rule, an officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence."State v. Henderson (1990), 51 Ohio St.3d 54, 56. In the seminal case on this subject, the Supreme Court of Ohio thoroughly examined the limits of a law enforcement official's power to make warrantless misdemeanor arrests, holding as follows:
 {¶ 8} "The authority [to arrest a misdemeanant without a warrant] should be limited to the necessity for its exercise. Where an affray is in progress, or an offense in the course of commission, in the presence of an officer, his duty is to prevent its continuance or completion. To accomplish this effectually, the power to at once apprehend the offender is necessary. * * * [T]he legality of an arrest without warrant might be maintained where the affray or other misdemeanor had already been completed when the officer appeared, if the offender was present, and public order had not yet been completely restored." State v. Lewis
(1893), 50 Ohio St. 179, 187-188.
 {¶ 9} Further, R.C. 2935.03(B)(1) permits an officer to make an arrest for a misdemeanor offense even though not observed by the officer, if the officer has reasonable grounds to believe that "an offense of violence" has occurred. Consequently, a warrantless arrest for a misdemeanor is valid "if the arresting officer is able to reasonably conclude from the surrounding circumstances that an offense has been committed." City ofCleveland v. Murad (1992), 84 Ohio App.3d 317, 320.
 {¶ 10} In the present matter it is clear that order had not been restored when Lt. Crabbe arrived on the scene. Appellant was shouting and remained visibly agitated. Lt. Crabbe could also reasonably conclude that an offense of violence had occurred. He was advised that appellant had struck Fox and observed bruising on her face, and saw blood on appellant's shirt. Accordingly, appellant's arrest on the misdemeanor assault charge was not unlawful, even though warrantless and not observed by the arresting officer.
 {¶ 11} Appellant next contends that Lt. Crabbe's entry into the garage to arrest him was unreasonable under the Fourth Amendment. We disagree. Appellant could have had no reasonable expectation of privacy when he entered the open garage and left the overhead door open, exposing the interior of the garage to any member of the public, including Lt. Crabbe. See City of Maumee v. Detmers (Aug. 20, 1993), Lucas App. No. L-92-233, appeal not allowed, (1994), 68 Ohio St.3d 1427.
 {¶ 12} Further, even if appellant had a reasonable expectation of privacy upon entering the garage, the warrantless entry remains permissible under the Fourth Amendment. In general, a warrantless entry into a home without consent for the purpose of making an arrest is constitutionally impermissible. See Payton v. New York (1980),445 U.S. 573, 100 S.Ct. 1371. However, entry in this instance is permissible where exigent circumstances exist. Id.; State v. Thompson
(1987), 33 Ohio St.3d 1. In the present case, exigent circumstances were present. Appellant remained violent and a possible threat to the other occupants of the residence, including his young child. Appellant was a flight risk, and Officer Crabbe feared that appellant would dispose of the bloodied shirt, which he believed to be evidence of the assault.
 {¶ 13} Given these facts, the warrantless entry into the garage was permissible. See State v. Cummings, Summit App. No. 20609, 2002-Ohio-213. Consequently, Lt. Crabbe's warrantless entry into the garage and arrest of appellant did not violate appellant's Fourth Amendment rights.
 {¶ 14} Finally, addressing the crux of appellant's argument, we find that a lawful arrest is not an element of the offense of assault on a peace officer, the crime for which appellant was convicted. See R.C.2903.13(A) and (C)(3); State v. Rhinehart (1983), 12 Ohio App.3d 156,158. Although appellant cites several cases in support of his contention to the contrary, these cases are inapposite as they involve the offense of "resisting arrest." The offense of assault on a peace officer is defined as causing or attempting to cause physical harm to a peace officer while in the performance of official duties. Unlike the offense of resisting arrest, a lawful arrest is not an element of assault on a peace officer pursuant R.C. 2903.13(A) and (C)(3). See State v.Christian, Mahoning App. No. 02 CA 170, 2005-Ohio-1440, ¶ 26; State v.Loomis, Ashtabula App. No. 2002-A-0102, 2005-Ohio-1103, ¶ 13; State v.Peer, Montgomery App. No. 19104, 2002-Ohio-4198, ¶ 10; Rhinehart. The assignment of error is overruled.
 {¶ 15} Appellant raises four additional assignments of error, each alleging error as a result of the trial court's conclusion that a lawful arrest is not an element of the offense of assault on a peace officer. They are as follows:
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE TRIAL COURT ERRED IN NOT SUSTAINING APPELLANT'S RULE 12(C) MOTION TO DISMISS FOR FAILURE OF THE STATE TO PROVE THE LAWFULNESS OF THE ARREST DURING WHICH THE OFFICER WAS INJURED."
 {¶ 18} Assignment of Error No. 3:
 {¶ 19} "THE TRIAL COURT ERRED IN NOT SUSTAINING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL AT THE END OF THE STATE'S CASE [FOR THE REASONS STATED IN THE FIRST TWO ASSIGNMENTS OF ERROR]."
 {¶ 20} Assignment of Error No. 4:
 {¶ 21} "THE TRIAL COURT ERRED IN NOT GIVING APPELLANT'S REQUESTED JURY INSTRUCTIONS ON WHAT CONSTITUTES A LAWFUL ARREST UNDER THE FACTS OF THE WITHIN CASE, AND FURTHER INSTRUCTIONS THAT THE JURY MUST FIND THAT THE ARREST WAS LAWFUL BEFORE CONVICTING APPELLANT OF INJURING THE OFFICER WHILE `IN THE PERFORMANCE OF HIS OFFICIAL DUTIES.'"
 {¶ 22} Assignment of Error No. 5:
 {¶ 23} "ALTHOUGH THE COURT PROPERLY INSTRUCTED THE JURY THAT ACCIDENT IS A DEFENSE TO AN ASSAULT CHARGE IN THAT `AN ACCIDENT IS A MERE PHYSICAL HAPPENING OR EVENT, OUT OF THE USUAL ORDER OF THINGS AND NOT REASONABLY FORESEEN AS A NATURAL OR PROBABLY RESULT OF A LAWFUL ACT,' OJI 411.01, THE COURT DID NOT GIVE APPELLANT'S REQUESTED INSTRUCTION THAT THE ACTIVITY THE APPELLANT WAS ENGAGED IN, RESISTING ARREST, WAS LAWFUL IF THE ARREST WAS UNLAWFUL."
 {¶ 24} Based on our resolution of appellant's first assignment of error, we find that appellant's remaining four assignments of error are without merit, and they are accordingly overruled.
 {¶ 25} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.