[Cite as *State v. Prince*, 2021-Ohio-4475.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                      CASE NO. 1-21-14

     v.

LEON T. PRINCE,                               O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2018 0320

Judgment Affirmed

Date of Decision:   December 20, 2021

APPEARANCES:

    *Chima R. Ekah* for Appellant

    *Jana E. Emerick* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Leon T. Prince ("Prince"), appeals the April 7, 2021 judgment entry of sentencing of the Allen County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On September 13, 2018, the Allen County Grand Jury indicted Prince on five criminal counts including: Counts One and Two, Rape in violation of R.C. 2907.02(A)(2), (B), both first-degree felonies; Count Three, Kidnapping in violation of R.C. 2905.01(A)(4), (C)(1), a first-degree felony; Count Four, Robbery in violation of R.C. 2911.02(A)(2), (B), a second-degree felony; and Count Five, Felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), a second-degree felony. (Doc. No. 1). On September 21, 2018, Prince appeared for arraignment and entered pleas of not guilty. (Doc. No. 12).

{¶3} On February 27, 2020, Prince withdrew his former not guilty plea and entered plea of guilty under a negotiated plea agreement. (Feb. 27, 2020 Tr. at 1-26, Doc. No. 133); (Doc. Nos. 104, 106, 107, 108, 109). Prince pleaded guilty to Count Three (Kidnapping) in the indictment in exchange for the dismissal of all remaining counts. (Feb. 27, 2020 Tr. at 23-26); (Doc. Nos. 108, 109). Contemporaneously, Prince was arraigned on a Bill of Information ("BOI") wherein he tendered guilty pleas to two criminal counts of Sexual battery in violation of R.C. 2907.03(A)(2), both third-degree felonies. (*Id.*); (Doc. Nos. 107, 108, 109). At the

change-of-plea hearing, the trial court determined that none of Prince's offenses merged for the purposes of sentencing.  (*Id.* at 26).  Thereafter, the trial court ordered the preparation of the presentence-investigation report ("PSI").  (*Id.*).

{¶4} On April 6, 2020, the trial court sentenced Prince.  (Apr. 6, 2020 Tr. at 28, Doc. No. 134); (Doc. No. 117).  The trial court again determined that Counts One and Two of the BOI and Count Three in the indictment did not merge for the purposes of sentencing.  (Apr. 6, 2020 Tr. at 23-24) (*Id.*).  Thereafter, the trial court sentenced Prince to a prison term of 60 months (each) under Counts One and Two and 5 years under Count Three with all prison terms to be served consecutive to one another.  (Apr. 6, 2020 Tr. at 28); (Doc. No. 117).  The judgment entry of sentencing was filed on April 7, 2020.[1]  (Doc. No. 117).

{¶5} Prince filed a motion for leave to file a delayed appeal and his notice of appeal on April 21, 2021, which we granted on June 22, 2021.  (Doc. No. 123); (Case No. 1-21-14, Doc. Nos. 1, 5, 6, 7).  He raises two assignments of error, which we will address together.

### Assignment of Error No. I

**The Trial Court Committed Plain Error By Failing To Merge The Two Sexual Batteries For Purposes Of Sentencing (Sentencing Tr. pg. 23, tab 11-15).**

---

[1] Prince was not notified of his right to appeal at the sentencing hearing under Crim.R. 32(B)(2) nor did the judgment entry contain an advisement of rights under Crim.R. 32(B)(3).  (Case No. 1-21-14, Doc. No. 7). (*See* Apr. 6, 2020 Tr. at 29-30, Doc. No. 134); (Doc. No. 117).

## Assignment of Error No. II

**The Trial Court Committed Plain Error By Failing To Merge The Kidnapping With The Sexual Batteries For Purposes Of Sentencing (Sentencing Tr. pg. 23, tab 11-15).**

{¶6} In his first assignment of error, Prince argues that his offenses are subject to merger. Specifically, Prince argues that the trial court should have merged his Sexual-battery offenses pursuant to R.C. 2941.25 because they are not dissimilar in import or significance. In his second assignment of error, Prince asserts that his Kidnapping offense merges with his Sexual-battery offenses because they lack separate and identifiable harm, and they were committed with the same animus as his Sexual-battery convictions.

*Standard of Review*

{¶7} R.C. 2941.25, Ohio's multiple-count statute, prohibits the imposition of multiple sentences for allied offenses of similar import. It provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25(A)-(B).

{¶8} Whether offenses are allied offenses of similar import is a question of law that this court reviews de novo. *State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio 894, ¶ 128, citing *State v. Stall*, 3d Dist. Crawford No. 3-10-12, 2011-Ohio-5733, ¶ 15, citing *State v. Brown*, 3d Dist. Allen No. 1-10-31, 2011-Ohio-1461, ¶ 36, citing *State v. Loomis*, 11th Dist. Ashtabula No. 2002-A-0102, 2005-Ohio-1103, ¶ 8. When applying a de novo standard of review, we must independently determine whether the facts satisfy the applicable legal standard without deference to the determinations of the trial court. *State v. Johnson*, 3d Dist. Allen No. 1-13-45, 2014-Ohio-4750, ¶ 12, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997), *superseded by state regulation on other grounds*, *State v. Schmehl*, 3d Dist. Auglaize No. 2-05-33, 2006-Ohio-1143, ¶ 22.

{¶9} Here, Prince failed to preserve this issue for appeal at the trial court level. Thus, we review it for plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3 ("An accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error * * *."). "The burden of demonstrating plain error is on the party asserting it." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, ¶ 16, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 17.

*Analysis*

**{¶10}** Indeed, "[s]eparate convictions are permitted under R.C. 2941.25 for allied offenses if we answer affirmatively to just one of the following three questions: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separate? And (3) Were they committed with a separate animus or motivation?" *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 76, citing *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph three of the syllabus.

**{¶11}** The Supreme Court of Ohio held that "for purposes of R.C. 2941.25(A), a conviction is a determination of guilt and the ensuing sentence." *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, ¶ 13, *superseded by state statute on other grounds*, *United States v. Mackey*, S.D.Ohio No. 3:04cr00096, 2014 WL 6606434, *2 (Nov. 20, 2014), fn. 4. Certainly, recognizing "R.C. 2941.25(A)'s mandate that a defendant may be 'convicted' of only one allied offense is a protection against multiple sentences rather than multiple convictions." *Id*. at ¶ 18. Because "a defendant may be found guilty of allied offenses but not sentenced on them," "[t]he defendant is not 'convicted' for purposes of R.C. 2941.25(A) until the sentence is imposed." *Id.* at ¶ 17, 24. Therefore, merger of allied offenses occurs at sentencing. *Id.* at ¶ 18. Importantly, Prince was convicted and sentenced for two

counts of Sexual battery and one count of Kidnapping. (Feb. 27, 2020 Tr. at 25-26); (Apr. 6, 2021 Tr. at 22-29); (Doc. Nos. 133, 134).

*Merger of the Sexual-battery offenses*

**{¶12}** Here, Prince argues that the Sexual-battery offenses constituted one act for the purposes of merger, and thus, the trial court should have merged both offenses for the purposes of sentencing.

**{¶13}** Courts generally hold that different forms of "[s]exual conduct" are committed separately and with a separate animus. *See State v. Jordan*, 2d Dist. Champaign No. 2016-CA-17, 2017-Ohio-5827, ¶ 10-11 (touching breasts and vaginal area were separate acts, each with a distinct significance or import, even when committed near in time); *State v. Parker*, 2d Dist. Clark No. 10CA0074, 2011-Ohio-1418, ¶ 114 (offenses involving different, distinct types of sexual activity constitute separate crimes and their merger is not required); *State v. Harvey*, 3d Dist. Hancock No. 5-10-05, 2010-Ohio-5408, ¶ 21; *State v. Nicholas*, 66 Ohio St.3d 431, 435 (1993) (vaginal intercourse, cunnilingus, and digital penetration are "three separate crimes involving distinct sexual activity. * * * Since each constitutes a separate crime with a separate animus, they do not constitute allied offenses of similar import.").

**{¶14}** In the case before us, the trial court determined that the Sexual-battery offenses involved "two separate identifiable instances of sexual conduct in different

orifices of the body [i.e., separate acts]." (Apr. 6, 2021 Tr. at 23); (Doc. No. 134). (Feb. 27, 2020 Tr. at 26) (finding that "Sexual [b]atteries, as I understand the information I have, involved *distinct sexual acts* and separate identifiable harm"); (Doc. No. 133).

{¶15} Upon our review, we agree with the trial court that Prince's sexual acts were committed separately, notwithstanding that they occurred close in time. Indeed, Prince's act of forcing the victim to perform fellatio on him followed by his act of forcing the victim to have intercourse (with him) demonstrates distinct and separate acts that occurred in a close proximity of time during an extended assault on the victim. (*See* PSI). *See also State v. Brown*, 3d Dist. Marion No. 9-09-15, 2009-Ohio-5428, ¶ 46, quoting *State v. Austin*, 138 Ohio App.3d 547, 549-550 (3d Dist.2000). These facts establish two separate crimes that do not constitute allied offenses of similar import. Thus, each Sexual-battery offense involved separate, but identifiable harm. Therefore, Prince has not met his burden by demonstrating that the trial court committed plain error in its determination that his Sexual-battery offenses should not merge for the purposes of sentencing.

*Merger of the Sexual-battery and Kidnapping offenses*

{¶16} Next, we turn to Prince's argument that the Sexual-battery and Kidnapping offenses should merge since those offenses involve the same *animus or motivation* of "[s]exual conduct" because the Kidnapping offense was "merely

incidental" to the Sexual-battery offenses. *See State v. Logan*, 60 Ohio St.2d 126 (1979).[2] (Appellant's Brief at 9, 11).

**{¶17}** Because it is dipositive of Prince's arguments related to both assignments of error, we need only address his argument that all of his findings of guilt involve the same *animus or motivation* of "[s]exual conduct".

> The term 'animus' means "'purpose or, more properly, immediate motive.'" *State v. Ramey*, 2d Dist., 2015-Ohio-5389[], ¶ 70, quoting *State v. Grissom*, 2d Dist. Montgomery No. 25750, 2014-Ohio-857, 2014 WL 895426, ¶ 40, quoting *State v. Logan*, 60 Ohio St.2d 126, 131[] (1979).[] "'Where an individual's immediate motive involves the commission of one offense, but in the course of committing that crime he must * * * commit another, then he may well possess but a single animus, and in that event may be convicted of only one crime.'" *Id.*, quoting *Logan* at 131[].
>
> "'Like all mental states, animus is often difficult to prove directly, but must be inferred from the surrounding circumstances.'" *Id.* at ¶ 71, quoting *Logan* at 131[]. "'Thus[,] the manner in which a defendant engages in a course of conduct may indicate distinct purposes.'" *Id.*, quoting *State v. Whipple*, 1st Dist., 2012-Ohio-2938, [] ¶ 38. "'Courts should consider what facts appear in the record that "distinguish the circumstances or draw a line of distinction that enables a trier of fact to reasonably conclude separate and distinct crimes were committed."'" *Id.*, quoting *Whipple* at ¶ 38, quoting *State v. Glenn*, 8th Dist. Cuyahoga No. 94425, 2012-Ohio-1530, 2012 WL 1142561, ¶ 9.

*Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio 894, ¶ 131-132.

---

[2] "Although the 'two-step' analysis prescribed by the Supreme Court of Ohio in *Logan* has been overruled, the court's discussion of animus remains relevant under the current tripart test in *Ruff*." *Frye*, 2018-Ohio-894, ¶ 131, fn. 2, citing *State v. Lundy*, 8th Dist. Cuyahoga No. 105117, 2017-Ohio-9155, ¶ 26.

**{¶18}** The first step we must take in reaching a determination is to resolve whether the offenses of Sexual battery and Kidnapping can both be committed by the same act. To commit the offense of Sexual battery as charged in the indictment of this case, Prince must have committed the following conduct under R.C. 2907.03, which provides in pertinent part:

> (A) No person shall engage in sexual conduct with another, not the spouse of the offender, when * * *
>
> * * *
>
> (2) The offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired.

R.C. 2907.03(A)(2). To commit the offense of Kidnapping, Price must have committed the following conduct under R.C. 2905.01, which states in relevant part:

> (B) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
>
> * * *
>
> (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will;

(Emphasis added.) R.C. 2905.01(A)(4).

**{¶19}** "[I]mplicit with every rape * * * is a kidnapping." *Logan*, 60 Ohio St.2d at 130. Indeed, Sexual battery under R.C. 2907.03(A)(2) is a lesser included

offense of rape under R.C. 2907.02(A)(1). *State v. Stricker*, 10th Dist. Franklin No. 03AP-746, 2004-Ohio-3557, ¶ 33. Because the merger statute directs us to take into account the defendant's conduct when deciding whether to merge allied offenses our inquiry is driven by a fact-specific analysis. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 26.

{¶20} In *State v. Logan*, the Supreme Court of Ohio established guidelines for evaluating whether kidnapping and rape are committed with a separate animus. *Logan*, 60 Ohio St.2d at 134-135. If the restraint or movement of the victim is "merely incidental" to the underlying rape, then no separate animus exists; however, if prolonged restraint, secretive confinement, or substantial movement occurs, then a separate animus exists to support separate convictions. *Id.* at the syllabus; see *State v. Merz*, 1st Dist. Hamilton No. C-200485, 2021-Ohio-2093, ¶ 11 ("In simplistic terms, the *Logan* guidelines examine the significance of the restraint or movement of the victim: whether it was 'merely incidental' to the other crime or whether it was substantial enough (either in execution or in increased risk) that it attains independent significance.").

{¶21} According to our review of the record, Prince enticed the victim to his house (under the guise) that he was going to cook her a birthday dinner. (Apr. 6, 2020 Tr. at 6); (Doc. No. 134). However, after becoming agitated with her while at his home, Prince struck her in the face knocking out her front teeth. (*See id.* at 15,

18); (*Id.*). (*See also* PSI). At that time, Prince ordered the victim to sit in a chair and threatened to kill her if she moved. (*See* PSI). He, then, left the house to go to neighbor's home. (*Id.*). While Prince was at the neighbor's house, the victim called 911. (*See* Apr. 6, 2020 Tr. at 12); (Doc. No. 134); (PSI). However, the operator was unable to locate her since the call came from a cellphone and because the victim abruptly disconnected the call. (*See id.* at 12); (*Id.*); (*Id.*).

{¶22} After Prince returned to the home, he saw police officers from his window searching neighboring houses. (*See id.*); (*Id.*); (*Id.*). This is when Prince forced the victim into his basement where he sexually assaulted her twice. (*See id.*); (*Id.*); (*Id.*). *See also* R.C. 2907.01(A). After the sexual assaults, Prince "walked" the victim back to her apartment where he forced her give him her debit card and PIN.[3] (*See* PSI).

{¶23} Significantly, after Prince was arrested, he admitted to the detective that he physically assaulted the victim and forced her to remain in his house.[4] (PSI). Moreover, at his sentencing hearing Prince stated the following during an exchange between Prince and the trial judge:

[Trial Court]     Was that because the Police were in the area?

---

[3] Once Prince left the victim's apartment, she called 911 a second time. (PSI).
[4] Importantly, Prince did not dispute the information contained in the PSI as to any purported factual inaccuracies under R.C. 2951.03(B); rather he argued what he perceived as factual inaccuracies at the sentencing hearing. (*See* Apr. 6, 2020 Tr. at 13-19). Prince asserted that the sexual acts involved a consensual-sexual encounter with no restraint of liberty and that the use of the victim's debit card was agreed upon by Prince and the victim. (*See id.*).

[Prince]
No. That happened after I had hit her, left her in the house, came back with crack, and then I happened to look out the window and I seen some cops and I asked her, "Do you know anything about these cops?" She said "No." I said, "Well, hell,"-excuse me-I said, "Well, let's go on back down to the basement." That's where we went. Cause, see, I didn't know she had called the Police when I left her in the house by herself. So, when I came back I seen the Police outside and I asked her, "Do you know anything about the cops outside?" She said, "No." So, I said, "Well, shoot, let's go on back down to the basement."

(Apr. 6, 2020 Tr. at 16); (Doc. No. 134).

{¶24} Importantly, Prince's dealings with the victim lasted six hours. (*Id.* at 8); (*Id.*). This was not a static event. Even if we assume without deciding that the Kidnapping offense commenced at the moment that Prince ordered the victim to be seated in the chair (under the threat of death), and that his animus was sexually motivated, we do, nonetheless, conclude that his argument still lacks merit. Indeed, the event continuously *evolved* over the course of the six hours and (by Prince's own admission to detectives) his animus for the prolongation of the Kidnapping event was financially motivated. (*See* PSI). Moreover, Prince admitted to the trial court during his sentencing hearing that his animus for the Kidnapping offense ultimately *evolved* into an attempt to evade detection by law enforcement. (*See* Apr. 6, 2020 Tr. at 16, 19); (Doc. No. 134). *See also State v. Stone,* 8th Dist. Cuyahoga No. 92949, 2010-Ohio-3308, ¶ 23.

-13-

**{¶25}** Because Prince's Sexual-battery and Kidnapping offenses involved separate animus, we conclude that the trial court did not commit plain error by reaching a determination that the Sexual-battery and Kidnapping offenses did not merge for the purposes of sentencing.

**{¶26}** Accordingly, Prince's first and second assignments of error are overruled.

**{¶27}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and SHAW, J.J., concur.**

**/jlr**