OPINION
{¶ 1} Defendant, Kenneth Thomas, appeals from his conviction for possession of crack cocaine, R.C. 2925.11(A), and the sentence imposed on his conviction pursuant to law.
 {¶ 2} The record demonstrates that on October 13, 2005, Dayton Police Officer Willie Hooper observed two men inside a vehicle that was parked on the street in a way that created a traffic hazard. One of the two men was Defendant Thomas. The other was Hassan Stevenson.
 {¶ 3} As Officer Hooper approached the vehicle, he saw Defendant emerge from the front passenger seat and enter a nearby store. When Officer Hooper reached the vehicle he saw Stevenson, the driver, leaning over the front passenger seat and holding money and a bag of crack cocaine in his hand. When Stevenson saw Officer Hooper, he dropped the money and bag. Officer Hooper removed Stevenson from the vehicle and placed him under arrest.
 {¶ 4} As Stevenson was being escorted by Officer Hooper to his police cruiser, Officer Hooper saw Defendant Thomas emerge from the store. Believing that Thomas was involved with the drugs he saw in Stevenson's possession, Officer Hooper also arrested Defendant. When both men were taken to a police station, Stevenson volunteered that Defendant Thomas had concealed crack cocaine in his rectal cavity. A search incident to Defendant's arrest yielded 21.60 grams of crack cocaine.
 {¶ 5} Defendant was indicted for a violation of R.C. 2925.11(A), possession of crack cocaine in an amount equal to or exceeding ten grams but less than twenty-five grams.
Defendant filed a motion to suppress evidence. The trial court denied the motion, and Defendant entered a plea of no contest to the charge and was found guilty and sentenced to serve a two-year prison term. He filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "APPELLANT WAS DENIED HIS FOURTH AMENDMENT CONSTITUTIONAL RIGHTS WHEN THE COURT ERRED IN FAILING TO SUPPRESS EVIDENCE SEIZED FROM APPELLANT'S PERSON SUBSEQUENT TO AN ARREST OF APPELLANT MADE WITHOUT PROBABLE CAUSE."
 {¶ 7} The search that yielded the crack cocaine Defendant moved to suppress was conducted without the benefit of a judicial warrant, and warrantless searches and seizures are per se unreasonable and therefore illegal, subject to several well-defined exceptions to the Fourth Amendment warrant requirement. Katz v. United States (1967),389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. One of those exceptions is a search incident to an arrest. Draper v. United States (1959), 358 U.S. 307,79 S.Ct. 329, 3 L.Ed.2d 327. However, in order to survive a motion to suppress evidence thus seized, the arrest which was the basis of the search must itself be valid. State v. Griffin (1990),133 Ohio App.3d 490. Defendant argues that his arrest was invalid for lack of probable cause.
 {¶ 8} A warrantless arrest is constitutionally invalid unless the arresting officer, at the time of the arrest, has probable cause to make it. State v. Timson (1974), 38 Ohio St.2d 122. A warrantless arrest of an individual in a public place for a felony or misdemeanor committed in the officer's presence is consistent with the Fourth Amendment if the arrest is supported by probable cause. Maryland v. Pringle (2003),540 U.S. 366, 124 S.Ct. 795, 157 L.Ed.2d 769. To constitute probable cause for a warrantless arrest, the arresting officer must have sufficient information derived from a reasonably trustworthy source to warrant a prudent man in believing that a felony has been committed and that it has been committed by the accused. Timson, supra.
 {¶ 9} The standard of probable cause is a practical, non-technical concept that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Illinois v. Gates (1983), 462 U.S. 213,103 S.Ct. 2317, 76 L.Ed.2d 527. Probable cause is a fluid concept, turning on the assessment of probabilities in particular factual contexts, not readily or even usefully reduced to a neat set of legal rules. Id. In substance, probable cause depends upon the totality of the circumstances that present reasonable grounds for belief of guilt, and that belief of guilt must be particularized with respect to the person to be searched or seized. Pringle, supra; Ybarra, supra. To determine whether an officer had probable cause to arrest an individual, a court must examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause. Pringle.
 {¶ 10} Defendant was arrested for violating R.C. 2925.11(A) which provides:
 {¶ 11} "No person shall knowingly obtain, possess or use a controlled substance."
 {¶ 12} "Knowingly" is defined in R.C. 2901.22(B):
 {¶ 13} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 14} "Possession" is defined in R.C. 2925.01(K):
 {¶ 15} "Possess or possession means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 16} Possession of a drug may be either actual physical possession or constructive possession. State v. Butler (1989), 42 Ohio St.3d 174. A person has constructive possession of an item when he is conscious of the presence of the object and able to exercise dominion and control over that item, even if it is not within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87; State v.Wolery (1976), 46 Ohio St.2d 316.
 {¶ 17} When Officer Hooper approached this vehicle to tell the driver that the vehicle's position was a hazard to other traffic and the vehicle had to be moved, Hooper noticed that the driver, Stevenson, was leaning over toward the front passenger seat that Defendant had exited only seconds before.
Officer Hooper saw that Stevenson had in his right hand both money and a plastic baggie containing what Officer Hooper recognized as crack cocaine. At that point, Officer Hooper clearly had probable cause to arrest Stevenson for possession of cocaine. The question is whether Officer Hooper had probable cause to arrest Defendant Thomas for that same offense.
 {¶ 18} This record demonstrates that Stevenson was leaning over toward the front passenger seat when Officer Hooper first noticed that Stevenson had a baggie of crack cocaine in his right hand. Defendant had been in the front passenger seat and, as such, the cocaine was in close proximity to and accessible to Defendant. Defendant exited the front passenger seat of this vehicle only seconds before Officer Hooper observed the baggie of crack cocaine in Stevenson's hand.
 {¶ 19} The totality of these facts and circumstances permits a reasonable inference that either or both of the vehicle's occupants had knowledge of and exercised dominion and control over the cocaine located inside the vehicle. Pringle, supra. Therefore, a reasonable officer could conclude that there was probable cause to believe that Defendant Thomas committed the crime of possession of cocaine, either solely or jointly with the vehicle's other occupant, Stevenson. Id. Accordingly, Defendant Thomas' arrest was lawful and did not violate the Fourth Amendment. Id.
 {¶ 20} Factually, this case is quite different from theYbarra case relied upon by Defendant, where police obtained a warrant to search a tavern and its bartender for controlled substances and upon entering the tavern officers conducted pat down searches of the customers present in the tavern, absent any other nexus with the search authorized by the warrant. Here, Stevenson and Defendant Thomas were inside a relatively small vehicle, not a large public building.Pringle. Furthermore, the cocaine inside the vehicle was observed by Officer Hooper, in plain view, in Stevenson's possession only seconds after Defendant Thomas had exited the front passenger seat of that vehicle. Under those circumstances, we think it was reasonable for Officer Hooper to infer a common criminal enterprise between Stevenson and Defendant Thomas to possess the crack cocaine he saw Stevenson holding in his hand. Pringle, supra.
 {¶ 21} Because Officer Hooper had probable cause to believe that Defendant Thomas had committed the crime of possession of cocaine, Thomas' arrest and the subsequent search of his person incident to that arrest which produced the cocaine forming the basis for the possession charge was lawful and did not violate Thomas' Fourth Amendment rights. The trial court properly overruled Defendant's motion to suppress the evidence.
 {¶ 22} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And DONOVAN, J., concur.