OPINION
{¶ 1} The State of Ohio pursuant to R.C. 2945.67 and Crim.R. 12(K), appeals from the judgment of the Clark County Municipal Court suppressing evidence in this case.
 {¶ 2} On January 27, 2007 at 12:12 a.m., Springfield Police Officer Matthew Buynak was dispatched to the *Page 2 
intersection of North Bechtle Avenue and West First Street in Springfield to investigate a two-car injury accident. Witnesses at the scene told Officer Buynak that Defendant ran a red light causing the accident. Defendant's vehicle sustained damage on the driver's door in this t-bone style accident.
 {¶ 3} When Officer Buynak requested Defendant's license, he noticed that Defendant had difficulty removing his license from his wallet and placing his license in Officer Buynak's hand. Officer Buynak further observed that Defendant had slurred speech and a dazed appearance, exhibited an odor of alcoholic beverage, staggered when he walked, and was unable to walk in a straight line. A medic was on the scene treating the occupants of the other vehicle. Defendant did not complain of any injury. Officer Buynak did not conduct field sobriety tests at the scene due to heavy traffic and cold weather. A check of Defendant's license revealed that he did not have a valid driver's license.
 {¶ 4} Officer Buynak testified that he was trained to detect and identify DUI offenders pursuant to National Highway Traffic Safety Administration (NHTSA) standards. Based upon the indicia of impairment he observed, the statements of witnesses, and his experience in dealing with DUI offenders, *Page 3 
Officer Buynak believed that Defendant operated his vehicle while under the influence of alcohol, without a valid driver's license, and had run a red light, causing this accident. Defendant was arrested for DUI and transported to the Clark County jail, where field sobriety tests were conducted. Defendant refused to submit to a breath test, however.
 {¶ 5} Defendant was charged by complaint filed in Clark County Municipal Court with driving under the influence of alcohol, R.C.4511.19(A)(1)(a), driving without a valid license in violation of Springfield General Ordinance Section 335.01(a)(1), and failure to stop for a red light in violation of Springfield Ordinance 313.03(c). Defendant filed a motion to suppress the evidence, arguing that police lacked sufficient reasonable suspicion to stop and detain him while investigating this traffic crash, and further lacked probable cause to arrest Defendant.
 {¶ 6} Following a hearing, at which only Officer Buynak testified, the trial court sustained Defendant's motion to suppress in part. The court held that the stop and investigative detention of Defendant was justified by reasonable suspicion that a traffic violation had occurred,Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, but that police lacked probable cause to arrest Defendant *Page 4 
Accordingly, the trial court ordered that any observations and testimony by Officer Buynak or any other police officers after Defendant's arrest must be suppressed.
 {¶ 7} The State timely appealed to this court from the trial court's decision suppressing the evidence, certifying that the trial court's ruling "has rendered the State's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed."
FIRST ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT OFFICER BUYNAK DID NOT HAVE PROBABLE CAUSE TO ARREST DEFENDANT-APPELLEE FOR DUI."
SECOND ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION BY SUBSTITUTING ITS OPINION FOR THAT OF THE ARRESTING OFFICER."
THIRD ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION BY SPECULATING THAT THE DEFENDANT-APPELLEE WAS INJURED IN THE CRASH."
 {¶ 11} In these related assignments of error the State argues that the trial court improperly suppressed the evidence police acquired following Defendant's arrest because, on the *Page 5 
totality of these facts and circumstances, Defendant's arrest was supported by probable cause and did not violate his Fourth Amendment rights. We agree.
 {¶ 12} In reviewing a trial court's decision on a motion to suppress, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. State v. Satterwhite (1997),123 Ohio App.3d 322; State v. Retherford (1994), 93 Ohio App.3d 586.
 {¶ 13} A warrantless arrest is constitutionally invalid unless the arresting officer, at the time of the arrest, has probable cause to make it. State v. Timson (1974), 38 Ohio St.2d 122. To constitute probable cause for a warrantless arrest, the arresting officer must have sufficient information derived from a reasonably trustworthy source to warrant a prudent man in believing that Defendant had committed or was committing an offense. Beck v. Ohio (1964), 379 U.S. 89, 85 S.Ct. 223,13 L.Ed.2d 142.
 {¶ 14} In State v. Thomas, Montgomery App. No. 21430, 2006-Ohio-6612, we observed:
 {¶ 15} "{¶ 9} The standard of probable cause is a *Page 6 
practical, nontechnical concept that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Illinois v. Gates (1983),462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527. Probable cause is a fluid concept, turning on the assessment of probabilities in particular factual contexts, not readily or even usefully reduced to a neat set of legal rules. Id. In substance, probable cause depends upon the totality of the circumstances that present reasonable grounds for belief of guilt, and that belief of guilt must be particularized with respect to the person to be searched or seized. Pringle, supra; Ybarra, supra. To determine whether an officer had probable cause to arrest an individual, a court must examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.Pringle."
 {¶ 16} When Officer Buynak arrived at the scene of this two car accident, three witnesses at the scene told him that Defendant had run the red light, causing the accident. Upon speaking with Defendant, Officer Buynak noticed that Defendant had a dazed look and exhibited an odor of alcoholic beverage. Defendant's speech was slurred. Defendant exhibited poor *Page 7 
dexterity and had difficulty removing his license from his wallet and handing it to Officer Buynak. Defendant staggered when he walked and was unable to walk in a straight line. Although Defendant's vehicle was damaged on the driver's side in this t-bone style accident, Defendant neither exhibited nor complained about any injuries.
 {¶ 17} In concluding that Officer Buynak lacked probable cause to arrest Defendant, the trial court held that the facts and circumstances known to Officer Buynak at the time of the arrest, including the indicia of impairment he observed, were tempered by the fact that Defendant had possibly sustained injuries in the collision. The court indicated that it could not help but consider the possibility of injuries to Defendant as the explanation for Defendant's dazed appearance, staggered walk and slurred speech, despite no particular testimony concerning injures to Defendant. Such a conclusion is improper where, as here, there is no evidence whatsoever that Defendant suffered any injuries in this crash, and the only witness who testified at the suppression hearing, Officer Buynak, testified that Defendant neither exhibited nor complained of any injuries.
 {¶ 18} Additionally, the trial court noted in its decision that Officer Buynak's testimony gave the court the impression *Page 5 
that a traffic offense plus an odor of alcohol was automatically probable cause to arrest for DUI and that is clearly not the case. As our examination of the facts known to Officer Buynak at the time of the arrest demonstrates, however, there were far more indicia of alcohol impairment in this case than just a red light violation and an odor of alcohol. Defendant's limitations in his movements and responses were both telling and considerable. We conclude that, based upon the totality of these facts and circumstances, a reasonable police officer, relying upon his training and experience, could conclude that there was probable cause to believe that Defendant was operating his vehicle under the influence of alcohol and that he ran a red light causing this accident.
 {¶ 19} Because Officer Buynak had probable cause to believe that Defendant was operating his vehicle under the influence of alcohol, Defendant's arrest was lawful and did not violate his Fourth Amendment rights. The trial court erred in granting in part Defendant's motion to suppress the evidence.
 {¶ 20} The State's assignments of error are sustained. The judgment of the trial court will be reversed and the case remanded to the trial court for further proceedings consistent with this opinion. *Page 9 
 {¶ 21} We additionally note that the motion filed by Defendant requesting a ruling from this court that bars the State from prosecuting Defendant for these offenses in the event that the trial court's suppression ruling is affirmed on the State's appeal, Crim.R. 12(K), has been rendered moot by our decision reversing the trial court's suppression of the evidence in this case.
 WOLFF, P.J. And FAIN, J., concur. *Page 1