HALL, P.J., dissenting:
{¶ 47} In my opinion, officer Perdue had probable cause to arrest Barbara Davis upon learning she had provided false identifying information even if, because of technical nuance, the evidence may have been insufficient at trial to sustain a conviction. Incident to that arrest, the cocaine in her purse was discovered and was admissible.
{¶ 48} Initially, I agree with the State that the defense did not adequately raise *206 in its suppression motion any issue about probable cause to arrest Davis. Furthermore, "there was no suggestion in Davis' motion * * * that the status of the Good Samaritan Hospital officers as law enforcement officers was in question." (Supra , ¶30). That being so, the trial court correctly overruled the motion to suppress on the basis that providing false identifying information to Good Samaritan Hospital police provided probable cause for her arrest and that the drugs were found as a result of a constitutional custodial search.
{¶ 49} In addition, there is no doubt that Davis provided false identification information to Good Samaritan Hospital police officers who had detained her after they handcuffed and detained her companion for heroin possession. In Davis' presence, the hospital police conveyed the false identification information to Dayton police officer Perdue. Upon learning from Davis' companion that Davis had provided false identification information, Perdue arrested her.
"Probable cause to arrest exists when a reasonably prudent person would believe that the person to be arrested has committed a crime." State v. Adams , 2d Dist. Montgomery No. 24184, 2011-Ohio-4008 [2011 WL 3557842], ¶ 7. "[P]robable cause is a concept that must be based on the totality of the circumstances, because it 'deals with probabilities-the factual and practical nontechnical considerations of everyday life on which reasonable and prudent men act.' " (Citations omitted.) State v. Etherington , 172 Ohio App.3d 756, 2007-Ohio-4097, 876 N.E.2d 1285, ¶ 20 (2d Dist.).
State v. Turner , 2016-Ohio-7983, 74 N.E.3d 858, ¶ 19 (2d Dist.).
{¶ 50} In State v. Thomas , 2d Dist. Montgomery No. 21430, 2006-Ohio-6612, 2006 WL 3635420, we commented that "[t]he standard of probable cause is a practical, nontechnical concept that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id . at ¶ 9, citing Illinois v. Gates , 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
{¶ 51} In several decisions, we have recognized that Good Samaritan Hospital police officers have been licensed by the City of Dayton as special police officers who are permitted to carry weapons, have powers of arrest on hospital property, and have authority to investigate criminal activity on hospital property.[2] Because the majority concludes that the status of the Good Samaritan Hospital officers as law enforcement officers was not a question raised by the motion to suppress, misrepresentation of her identity to these licensed special police officers, who were investigating the felony committed by Davis' companion, is sufficient to constitute an arrestable offense. But even if we had not recognized the status of Good Samaritan Hospital personnel, it is reasonable that Officer Perdue would not discern a possible distinction between Davis misrepresenting her identity to Good Samaritan police (or Good Samaritan police transmitting the false identity, in her presence, to himself) as opposed to her directly misrepresenting the information to him. Whether the factual scenario of this misrepresentation would be sufficient for a conviction is distinct from the conclusion *207 that the officer had probable cause to place her under arrest. In drawing this conclusion, I also have considered the U.S. Supreme Court's holding, in regard to reasonable articulable suspicion, in Heien v. North Carolina , --- U.S. ----, 135 S.Ct. 530, 190 L.Ed.2d 475 (2014), where the Court held that an officer's mistake of law in stopping a vehicle with one functioning brake light, when the state vehicle code requires only one working brake light, was a reasonable mistake that did not violate the Fourth Amendment's prohibition against unreasonable searches and seizures. In my opinion, Perdue had probable cause to arrest Davis when her companion stated her true name was Barbara Davis, that the syringe in his possession was hers, and that she was in possession of more drugs. I disagree with the majority's conclusion that the information provided by the companion "merely" (supra , ¶44) amounted to a reasonable articulable suspicion that Davis had committed an offense. That conclusion ignores "the factual and practical nontechnical considerations of everyday life on which reasonable and prudent men act," in particular the fact that Davis' companion, in order to shift blame from himself to Davis, has accurately revealed that she has hidden her identity and her stash of drugs. But even if reasonable suspicion is all that Perdue had at that point, it does not change the constitutional analysis. Perdue would have been constitutionally justified in detaining Davis, taking her, even in handcuffs, to his vehicle to verify her identity, and inevitably the correct identity and possession of the drugs and paraphernalia would have been discovered.
{¶ 52} I therefore dissent and would affirm the trial court's denial of Davis' motion to suppress.

State v. Grimes , 2d Dist. Montgomery No. 22317, 2008-Ohio-4390, 2008 WL 3990830, ¶ 8 ; State v. Buford , 2d Dist. Montgomery No. 22149, 2008-Ohio-2231, 2008 WL 1991619, ¶ 9 ; State v. Shelton, 2d Dist. Montgomery No. 22116, 2008-Ohio-1876, 2008 WL 1759099, ¶ 2 ; State v. Moore , 2d Dist. Montgomery No. 18337, 2001 WL 28670, *2 (Jan. 12, 2001).