[Cite as *State v. Cummins*, 2019-Ohio-1496.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-07-051 |
| | : | O P I N I O N |
| - vs - | | 4/22/2019 |
| | : | |
| MATTHEW B. CUMMINS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2018TRC4381

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

George E. Pattison, 285 E. Main Street, Suite 5, Batavia, Ohio 45103, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, Matthew B. Cummins, appeals his conviction in the Clermont County Municipal Court after he pled no contest to operating a vehicle while under the influence of alcohol or drugs.[1] For the reasons outlined below, we affirm.

---

1. Cummins was also convicted of failing to operate a vehicle with its headlights illuminated from sunset to sunrise in violation of R.C. 4513.05(A). Cummins, however, does not appeal from that conviction.

**Cummins' Arrest**

{¶ 2}   On the evening of March 28, 2018, Trooper Staysha Oiler with the Ohio State Highway Patrol arrested Cummins for operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a).  The arrest occurred after Trooper Oiler conducted a number of standardized and nonstandardized field sobriety tests that provided her with a variety of clues indicating Cummins was then under the influence marijuana.  A subsequent search of Cummins' vehicle led to the discovery of a "marijuana cigarette" in the ashtray near the vehicle's center console.  Cummins later admitted to smoking marijuana earlier that day.

**Motion to Suppress**

{¶ 3}   On April 18, 2018, Cummins filed a motion to suppress.  In support of his motion, Cummins alleged his arrest was not supported by probable cause thereby establishing a violation of his constitutional rights under both the Ohio and United States Constitutions.  The trial court held a hearing on Cummins' motion on May 15, 2018.  The lone witness to testify at the suppression hearing was Trooper Oiler.  The following is a recitation of facts taken from Trooper Oiler's testimony.

{¶ 4}   After successfully completing her training at the Highway Patrol Academy, Trooper Oiler was hired as a state trooper with the Ohio State Highway Patrol.  During her two-and-one-half years working as a state trooper, Trooper Oiler conducted hundreds of investigations regarding potentially impaired drivers on Ohio roadways.  Trooper Oiler conducted these investigations in accordance with her training on the recognized standards for detecting alcohol impairment and the established guidelines for spotting drug impairment.  Trooper Oiler's training included certification in both the standardized and non-standardized field sobriety tests: the horizontal gaze nystagmus test, the walk-and-turn test, the one-leg-stand test, the modified Romberg balance test, and the lack-of-convergence

- 2 -

test.

{¶ 5}  On March 28, 2018 at 11:05 p.m., Trooper Oiler noticed a vehicle in her rearview mirror traveling westbound on State Route 28 with its headlights turned off.  It is undisputed that operating a vehicle at night without illuminating the vehicle's headlights is a violation of R.C. 4513.05(A).  Upon noticing the vehicle in her rearview mirror, Trooper Oiler slowed her cruiser and allowed the vehicle to pass.  Trooper Oiler then pulled behind the vehicle and initiated a traffic stop.  There is no dispute that this traffic stop was proper.  There is also no dispute that the driver of the vehicle was Cummins.

{¶ 6}  After initiating the traffic stop, Trooper Oiler approached the vehicle's driver's side door and contacted Cummins.  Upon contacting Cummins, Trooper Oiler observed "his person and his behaviors" and noticed "his eyes were red, he had a thousand-yard stare and his eyelids were droopy."  Explaining further what she meant by a "thousand-yard stare," Trooper Oiler testified Cummins "was just staring straight ahead like he was looking past and through everything that was in front of us."  Considering Trooper Oiler did not detect the odor of an alcoholic beverage coming from the vehicle or from Cummins' person, Trooper Oiler believed "that drug impairment could be possible."

{¶ 7}  Believing Cummins may be impaired by some yet to be determined drug, Trooper Oiler had Cummins exit the vehicle to further her investigation.  During this time, Trooper Oiler asked Cummins where he was coming from that evening.  In response, Cummins informed Trooper Oiler he was coming from a local bar.  Trooper Oiler then asked Cummins if he had consumed any alcoholic beverages that evening.  Cummins said no.  Cummins further denied consuming any other substances that may have accounted for his red eyes, droopy eyelids, and "thousand-yard-stare."

{¶ 8}  Because Cummins did not alleviate Trooper Oiler's concerns about possible impairment, Trooper Oiler conducted the horizontal gaze nystagmus test.  Trooper Oiler,

- 3 -

however, did not observe any clues indicating Cummins was impaired.

{¶ 9} Trooper Oiler then conducted the lack-of-convergence test. The results of this test indicated Cummins' "left eye did not converge" and that his pupils were constricted. Trooper Oiler also testified that "both of his eyes were slow to constrict" when testing his pupils' reaction to light. These clues, as Trooper Oiler testified, indicated "[p]ossible drug impairment" and "led [her] to suspect marijuana usage."

{¶ 10} Following these two tests, Trooper Oiler conducted the walk-and-turn test. During this test, Trooper Oiler observed four of the eight clues indicating impairment. As Trooper Oiler testified regarding these four clues:

> The first was while listening to the instructions in the starting position he moved his feet for balance, once he regained that starting position body tremors were observed, once he started the test he did not touch heel to toe, he raised his arms over six inches for balance and he took 10 total steps back.

{¶ 11} Trooper Oiler then conducted the one-leg-stand test. During this test, Trooper Oiler observed two of the four clues indicating Cummins was impaired. As Trooper Oiler testified regarding these two clues:

> On the one leg stand I observed he had a side-to-side sway and he used his arms throughout the test for balance. * * * When he started the test he counted 1, 2, 3 and then stopped himself and started counting by thousands as was instructed.

Trooper Oiler also testified that Cummins "skipped two numbers, [I] believe it was 12 and 15" when instructed to count to 30.

{¶ 12} Trooper Oiler concluded by conducting the modified Romberg test. During this test, Trooper Oiler noticed Cummins had "eyelid tremors." This, as Trooper Oiler testified, is yet another clue indicating Cummins was impaired.

{¶ 13} Based on the totality of the facts and circumstances then available to her, Trooper Oiler believed Cummins was then under the influence of either alcohol or drugs.

Trooper Oiler came to this conclusion based on her education she received at the Highway Patrol Academy, as well as on her observations, experience, and training as a state trooper who had been employed by Ohio State Highway Patrol for the preceding two-and-one-half years. Specifically, as Trooper Oiler testified:

> [THE STATE]: Were you able to determine based upon your observations, education, experience and training did you feel the individual should have been driving a motor vehicle?
>
> [TROOPER OILER]: No, he should not have been driving.
>
> * * *
>
> [THE STATE]: And specifically why did you feel that he shouldn't be driving a motor vehicle?
>
> [TROOPER OILER]: Based on all the observations and the tests I determined that he was under the influence of alcohol or a drug and I arrested him.

{¶ 14} After placing Cummins under arrest, Trooper Oiler conducted a search of the vehicle incident to Cummins' arrest. During this search, Trooper Oiler discovered what she believed was a "marijuana cigarette" in the ashtray near the vehicle's center console. Cummins thereafter admitted to smoking marijuana earlier that day.

**Trial Court's Decision on Cummins' Motion to Suppress**

{¶ 15} On May 16, 2018, the trial court issued a decision denying Cummins' motion to suppress. In so holding, the trial court found Trooper Oiler had probable cause to effectuate Cummins' arrest for operating a vehicle while under the influence of alcohol or drugs. Specifically, the trial court found:

> Trooper Oiler observed several indicia of impairment. The Defendant was operating a motor vehicle at night with its headlights turned off. He exhibited red eyes and droopy eyelids, consistent with ingestion of a controlled substance. He exhibited a blank stare. During the convergence test, administered by Trooper Oiler, the Defendant exhibited lack of convergence when his left eye did not converge. The Defendant's pupils were restricted (sic). When Trooper Oiler

- 5 -

checked the Defendant's reaction to light, the Defendant's pupils were slow to restrict (sic). Trooper Oiler administered the walk and turn test and one leg stand test in substantial compliance with NHTSA standards. The Defendant exhibited four out of eight clues on the walk and turn test and two out of four clues on the one leg stand test. Considering the totality of the circumstances, the Court finds that Trooper Oiler had probable cause to arrest the Defendant.

**Cummins' Motion for Reconsideration**

{¶ 16} On May 18, 2018, Cummins moved the trial court to reconsider its decision denying his motion to suppress. As part of this motion, Cummins argued the trial court's decision was improper because "the Court [found] probable cause to believe the Defendant was impaired, but not what impaired the Defendant." Cummins also argued the trial court should reconsider its decision since Trooper Oiler's testimony "did not rule out possible other causes like an undiagnosed medical condition, injury, heredity, neurological condition, [or] nervousness[.]"

{¶ 17} On May 21, 2018, the trial court summarily denied Cummins' motion for reconsideration. Although noting only that the motion for reconsideration was denied, the trial court had previously denied substantially similarly arguments raised by Cummins at the suppression hearing. Specifically, as the trial court stated at the suppression hearing:

> [THE STATE]: [W]ere you able to determine based upon your education, experience and training if the defendant was under the influence of alcohol or drug abuse or a combination of the two?
>
> [TROOPER OILER]: Yes.
>
> [THE STATE]: And what was that opinion?
>
> [CUMMINS' TRIAL COUNSEL]: Objection.
>
> THE COURT: Grounds?
>
> [CUMMINS' TRIAL COUNSEL]: I don't believe she has stated any basis to answer that especially in relation to a specific drug.

- 6 -

{¶ 18} The trial court, however, disagreed with Cummins' position. As the trial court stated in overruling Cummins' objection:

> THE COURT: Well, we're at a motion hearing where the issue is probable cause, not a trial and I realize that that is a popular trial issue right now but it's not an issue for this motion and I'm going to overrule the objection.
>
> [CUMMINS' TRIAL COUNSEL]: Your Honor, I would indicate that it would be an issue in this motion because there's no way based on what evidence is indicated in discovery that there's any probability that a specific drug was present.
>
> THE COURT: With respect to the motion the issue is whether there was probable cause to believe he was impaired on any drug or alcohol, so I understand your position, [counsel] and respectfully while I understand you believe it's an issue for the purpose of this motion I do not so I'm overruling the objection.

**No Contest Plea and Sentence**

{¶ 19} On June 18, 2018, Cummins entered a no contest plea to operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a). After conducting the necessary Crim.R. 11(C) plea colloquy, the trial court accepted Cummins' no contest plea and entered a finding of guilt. The trial court then sentenced Cummins to 160 days in jail with 157 of those days suspended. The trial court also placed Cummins on court-monitored nonreporting probation for a period of two years, ordered Cummins to pay a fine of $375, and suspended Cummins' driver's license for a period of one year. The trial court, however, stayed imposition of the sentence pending appeal. Cummins now appeals from his conviction, raising two assignments of error for review.

**Assignment of Error No. 1:**

{¶ 20} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT OVERRULED DEFENDANT'S MOTION TO SUPPRESS.

{¶ 21} In his first assignment of error, Cummins argues the trial court erred by denying his motion to suppress. We disagree.

- 7 -

Standard of Review

{¶ 22} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence to resolve factual questions and evaluate witness credibility. *State v. Vaughn*, 12th Dist. Fayette No. CA2014-05-012, 2015-Ohio-828, ¶ 8. Therefore, when reviewing the denial of a motion to suppress, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 14. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12.

Probable Cause for a Warrantless Arrest

{¶ 23} "For a warrantless arrest to be lawful, the arresting officer must have probable cause that the individual had committed an offense." *State v. Watson*, 12th Dist. Warren CA2014-08-110, 2015-Ohio-2321, ¶ 14. "Probable cause is generally defined as a reasonable ground of suspicion supported by facts and circumstances sufficiently strong in themselves to warrant a prudent person in believing an accused person has committed or was committing an offense." *State v. Christopher*, 12th Dist. Clermont No. CA2009-08-041, 2010-Ohio-1816, ¶ 16. "Probable cause to arrest for OVI exists when, at the moment of arrest, the arresting officer had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, to cause a prudent person to believe the accused was driving under the influence of alcohol [or drugs]." *State v. Way*, 12th Dist. Butler No.

CA2008-04-098, 2009-Ohio-96, ¶ 30. A court makes this determination based on the totality of the facts and circumstances surrounding the arrest. *State v. Aslinger*, 12th Dist. Preble No. CA2011-11-014, 2012-Ohio-5436, ¶ 13, citing *State v. Homan*, 89 Ohio St.3d 421, 427 (2000).

No Evidence of the "Specific" Substance Causing Impairment

{¶ 24} Cummins initially argues the trial court's decision denying his motion to suppress was improper since there was no evidence as to what "specific" substance, if any, may have caused his impairment. However, contrary to Cummins' claim, Trooper Oiler testified on multiple occasions – both on direct and on cross – that she believed Cummins had been operating a vehicle while under the influence of marijuana.

{¶ 25} For instance, as Trooper Oiler testified on direct examination by the state:

> [THE STATE]: Okay, could you describe for the Court his results on the lack of convergence exam?
>
> [TROOPER OILER]: On lack of convergence his left eye did not converge.
>
> [THE STATE]: And what if anything that his left eye did not converge tell you?
>
> [TROOPER OILER]: That led me to suspect marijuana usage.

{¶ 26} Trooper Oiler similarly testified on cross-examination by Cummins' trial counsel. As Trooper Oiler testified:

> [CUMMINS' TRIAL COUNSEL]: Okay, so before the arrest you had no probable cause on any specific drug, you had a suspicion of something but no probable cause on any specific drug, is that correct?
>
> [TROOPER OILER]: No.
>
> [CUMMINS' TRIAL COUNSEL]: When did you first have evidence of a specific identifiable drug, heroin, marijuana, whatever?
>
> [TROOPER OILER]: Lack of convergence.

- 9 -

[CUMMINS' TRIAL COUNSEL]: Okay, and how did you have it from that?

[TROOPER OILER]: Because his left eye would not converge and that is specifically a test for marijuana impairment.

{¶ 27} Explaining further, Trooper Oiler testified:

[CUMMINS' TRIAL COUNSEL]: Okay, how does a lack of convergence identify only marijuana for example?

[TROOPER OILER]: Your training and experience and through talking with [drug recognition experts] that's what lack of convergence is for, is marijuana.

{¶ 28} Continuing, Trooper Oiler testified:

[CUMMINS' TRIAL COUNSEL]: So you're saying that a [drug recognition expert] is going to come in here and testify that if a person's eyes fail to converge that proves that they are impaired by marijuana?

[TROOPER OILER]: Again taking [the] totality of the circumstances, with that test and everything else observed, I can't tell you how they would testify but that's what that leads to.

[CUMMINS' TRIAL COUNSEL]: What do you mean, leads to? In other words it creates a possibility?

[TROOPER OILER]: Correct, there's a possibility of marijuana.

[CUMMINS' TRIAL COUNSEL]: Okay, but it's not a probability as separated between the two, is that correct?

[TROOPER OILER]: With all the circumstances, with the outward bodily signs, with all the tests that are conducted, with the lack of convergence and the results, with everything taken together marijuana is what was suspected.

{¶ 29} Concluding, Trooper Oiler testified:

[CUMMINS' TRIAL COUNSEL]: At the time you arrested the defendant you did not know what drug he was under the influence of, is that correct?

[TROOPER OILER]: I did not 100 percent know.

[CUMMINS' TRIAL COUNSEL]: Okay, you didn't know with any

probability, the 51 percent, what drug the defendant was under the influence of, isn't that correct?

[TROOPER OILER]: I suspected it was marijuana.

{¶ 30} As can be seen from Trooper Oiler's testimony, Cummins' claim that there was no evidence presented as to what "specific" substance, if any, may have caused his impairment is incorrect and unsupported by the record. The record instead indicates Trooper Oiler testified on multiple occasions – both on direct and on cross – that she believed Cummins was under the influence of marijuana that evening. Cummins' claim otherwise lacks merit.

{¶ 31} But, even assuming Cummins was correct in his assertion, when determining whether there was sufficient probable cause to effectuate an arrest for operating a vehicle while under the influence of alcohol or drugs, the arresting officer need not conclusively identify what specific substance caused the offender's impairment before an arrest can be made. This is because, as noted by both the Ohio Supreme Court and the United States Supreme Court, "'[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction.'" *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, ¶ 73, quoting *Adams v. Williams*, 407 U.S. 143, 149, 92 S.Ct. 1921 (1972). A finding of probable cause requires "'only the probability, and not a prima facie showing, of criminal activity.'" *Illinois v. Gates*, 462 U.S. 213, 235, 103 S.Ct. 2317 (1983), quoting *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584 (1969).

{¶ 32} It is well-established that a finding of probable cause to arrest for operating a vehicle while under the influence of alcohol does not require proof of what specific type of alcohol the accused may have consumed. The same must therefore be  true in regard to a finding of probable cause to arrest for operating a vehicle while under the influence of drugs. That is, stated differently, proof of whether the offender may have consumed beer, tequila,

vodka, marijuana, cocaine, heroin, or some other specific type of alcohol or drug is not an element that needs to be proved at a suppression hearing before a finding of probable cause can be had.

{¶ 33} Rather, as noted above, "[p]robable cause to arrest for OVI exists when, at the moment of arrest, the arresting officer had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, to cause a prudent person to believe the accused was driving under the influence of alcohol [or drugs]." *Way*, 2009-Ohio-96 at ¶ 30. This creates a "'flexible, common-sense standard.'" *State v. Richards*, 5th Dist. Athens No. 14CA1, 2015-Ohio-669, ¶ 27, quoting *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535 (1983).

{¶ 34} Although not explicit, this is essentially what the trial court found when denying substantially similar arguments Cummins raised at the suppression hearing and in his motion for reconsideration. Again, as the trial court stated when denying Cummins' objection to Trooper Oiler's testimony that she believed marijuana had caused Cummins' impairment at the suppression hearing:

> [CUMMINS' TRIAL COUNSEL]: I don't believe she has stated any basis to answer that especially in relation to a specific drug.
>
> THE COURT: Well, we're at a motion hearing where the issue is probable cause, not a trial and I realize that that is a popular trial issue right now but it's not an issue for this motion and I'm going to overrule the objection.
>
> [CUMMINS' TRIAL COUNSEL]: Your Honor, I would indicate that it would be an issue in this motion because there's no way based on what evidence is indicated in discovery that there's any probability that a specific drug was present.
>
> THE COURT: With respect to the motion the issue is whether there was probable cause to believe he was impaired on any drug or alcohol, so I understand your position * * * and respectfully while I understand you believe it's an issue for the purpose of this motion I do not so I'm overruling the objection.

{¶ 35} We find no error with the trial court's decision and reiterate the well-established principle "[t]hat the state may fail to prove an offense by proof beyond a reasonable doubt does not mean that the much lower standard of probable cause did not exist to support the offense in the first instance." *State v. Mansour*, 12th Dist. Warren No. CA2015-06-051, 2016-Ohio-755, ¶ 26. The issue to be resolved at the suppression hearing in this case was whether Trooper Oiler had probable cause to effectuate Cummins' arrest for operating a vehicle while under the influence of alcohol or drugs. The issue was not whether the state provided sufficient evidence to prove Cummins' guilt beyond a reasonable doubt. Unlike a finding of guilt beyond a reasonable doubt, a finding of "[p]robable cause 'is not a high bar.'" *District of Columbia v. Wesby*, __ U.S. __, 138 S.Ct. 577, 586 (2018), quoting *Kaley v. United States*, 571 U.S. 320, 338, 134 S.Ct. 1090 (2014). The state surpassed the low probable cause bar in this case. Cummins' claim otherwise again lacks merit.

No Evidence to Rule Out Possibility of Other Causes of Impairment

{¶ 36} Cummins also argues the trial court's decision denying his motion to suppress was improper since there was no evidence to rule out the possibility that his impairment was the result of "an undiagnosed medical condition, injury, heredity, neurological condition, [or] nervousness[.]" We agree that the evidence presented at the suppression hearing did not rule out the possibility that Cummins' impairment may have been caused by something other than alcohol or drugs. But, when applying the probable cause standard, that suggestion goes well beyond what was necessary for Trooper Oiler to effectuate Cummins' arrest. Again, "[p]robable cause to arrest for OVI exists when, at the moment of arrest, the arresting officer had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, to cause a prudent person to believe the accused was driving under the influence of alcohol [or drugs]." *Way*, 2009-Ohio-96 at ¶ 30.

{¶ 37} The record in this case provides ample evidence to support Trooper Oiler's decision to effectuate Cummins's arrest. Trooper Oiler observed Cummins driving a vehicle late at night with its headlights turned off. Upon contacting Cummins, Trooper Oiler observed Cummins with red eyes, droopy eyelids, and a "thousand-yard stare." Cummins also exhibited a number of clues from both the standardized and nonstandardized field sobriety tests.[2] Each of these clues gave Trooper Oiler further reason to believe Cummins was impaired. This includes four of the eight clues on the walk-and-turn test, two of four clues on the one-leg-stand test, "eyelid tremors" and a lack of convergence on the lack-of-convergence test, as well as constricted pupils as part of the modified Romberg test that were slow to constrict when Trooper Oiler tested Cummins' pupils' reaction to light.

{¶ 38} Applying the applicable probable cause standard, and when considering the totality of the facts and circumstances available to Trooper Oiler at the moment of Cummins' arrest, there was sufficient information available to Trooper Oiler to cause a prudent person to believe Cummins had been operating a vehicle while under the influence of alcohol or drugs. This is true despite the fact that Trooper Oiler could not identify with certainty what specific substance caused Cummins' impairment. The same is true in regard to Trooper Oiler being unable to conclusively rule out the possibility that Cummins' impairment was the result of "an undiagnosed medical condition, injury, heredity, neurological condition, [or] nervousness[.]" Cummins claim otherwise lacks merit.

<u>Possibilities Not Probabilities</u>

{¶ 39} Cummins next argues the trial court's decision denying his motion to suppress was improper since his arrest was based on mere suspicion, not probability, gleaned from

---

2. The standardized and nonstandardized field sobriety tests "involve simple exercises [that] 'may easily reveal to the average layperson whether the individual is intoxicated.'" *State v. Washington*, 9th Dist. Lorain No. 11CA010042, 2012-Ohio-1391, ¶ 12, quoting *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 14.

"possible indicators or clues, and not facts. Possibilities are different than probabilities" We agree that possibilities are different than probabilities. But, given the facts of this case, Cummins argument is nothing more than an exercise in semantics. The facts of this case are clear and provide more than enough evidence to support a finding of probable cause to effectuate Cummins' arrest. Therefore, because there was sufficient information available to Trooper Oiler at the moment of Cummins' arrest to cause a prudent person to believe Cummins had been operating a vehicle while under the influence of alcohol or drugs, the trial court did not err by denying Cummins' motion to suppress. Cummins' first assignment of error lacks merit and is overruled.

**Assignment of Error No. 2:**

{¶ 40} A TROOPER HAD INSUFFICIENT FACTS AND TRAINING, AS AN ARIDE CERTIFIED TROOPER, TO RENDER AN OPINION THAT THE DEFENDANT WAS UNDER THE INFLUENCE OF MARIHUANA PRIOR TO ARREST.[3]

{¶ 41} In his second assignment of error, Cummins argues the trial court erred by permitting Trooper Oiler to testify, at the suppression hearing, that she believed Cummins had been operating a vehicle while under the influence of marijuana. However, as discussed more fully above, when applying the applicable probable cause standard, and when considering the totality of the facts and circumstances at the moment of Cummins' arrest, there was more than enough information available to Trooper Oiler to cause a prudent person to believe Cummins had been operating a vehicle while under the influence of alcohol or drugs.

{¶ 42} Cummins argument is essentially that the trial court erred by permitting

---

3. Cummins reference to "ARIDE" is an abbreviation for Advanced Roadside Impaired Driving Enforcement. ARIDE is a program developed by the National Highway Traffic Safety Administration that sets forth the established guidelines for detecting individuals who may be under the influence of drugs. According to Trooper Oiler's testimony, this includes the lack-of-convergence test and the modified Romberg test employed in this case.

- 15 -

Trooper Oiler, who is not a certified drug recognition expert, to testify that she believed Cummins was under the influence of marijuana. Yet, although not a certified drug recognition expert, Trooper Oiler had conducted hundreds of investigations regarding potentially impaired drivers on Ohio roadways during her two-and-one-half years working as a state trooper with the Ohio State Highway Patrol. Trooper Oiler had conducted these investigations in accordance with her training on the recognized standards for detecting alcohol impairment and the established guidelines for spotting drug impairment. Therefore, contrary to Cummins' claim otherwise, Trooper Oiler's training and experience qualifies her to testify, at the suppression hearing, that she had reason to believe Cummins had been operating a vehicle while under the influence of marijuana.

{¶ 43} In reaching this decision we note the well-established principle that the rules of evidence are not applicable in a suppression hearing. *State v. Boczar*, 113 Ohio St.3d 148, 2007-Ohio-1251, ¶ 17, citing Evid.R. 101(C)(1) and 104(A). At a suppression hearing, therefore, the trial court may rely on evidence that would otherwise not be admissible at trial. *Maumee v. Weisner*, 87 Ohio St.3d 295, 298 (1999), citing *United States v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406 (1980). For example, "[e]vidence at an OVI suppression hearing does not have to be authenticated in compliance with Evid.R. 901 and 902 because 'judicial officials at suppression hearings may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.'" *State v. Woltz*, 4th Dist. Athens No. 17CA20, 2017-Ohio-9042, ¶ 9, quoting *State v. Edwards*, 107 Ohio St.3d 169, 2005-Ohio-6180, ¶ 14. The same is true in regard to Evid.R. 702 and the testimony by expert witnesses. *State v. Ladigo*, 7th Dist. Mahoning No. 05 MA 201, 2006-Ohio-3475, ¶ 20-24.

{¶ 44} That is not to say Trooper Oiler's challenged testimony would necessarily be

admissible at trial.[4]  We need not address that issue, however, since Cummins' argument deals only with whether the trial court erred by permitting Trooper Oiler to testify, at the suppression hearing, that she believed Cummins had been operating a vehicle while under the influence of marijuana.  The trial court did not err by permitting Trooper Oiler to so testify. *See, e.g., State v. Belmonte*, 10th Dist. Franklin No. 10AP-373, 2011-Ohio-1334, ¶ 16 (deputy's testimony regarding the "presence of an anticoagulant" during appellant's blood alcohol test was admissible at a suppression hearing despite the deputy not being qualified as an expert witness); *see also State v. Olmstead*, 5th Dist. Ashland No. 17 COA 024, 2018-Ohio-971, ¶ 19-21 (officer's testimony regarding the smell of marijuana was admissible at a suppression hearing where the officer's testimony was based on his being "around people that smoked marijuana" in high school and the military as well as his experience as a police officer).

{¶ 45} We also note that while Trooper Oiler was qualified to testify that she had reason to believe Cummins had been operating a vehicle while under the influence of marijuana, the trial court was not required to accept Trooper Oiler's testimony.  The trial court, as the trier of fact, was free to accept or reject any or all of the testimony presented by Trooper Oiler offered at the suppression hearing.  *State v. Frye*, 5th Dist. Stark No. 2006CA00363, 2007-Ohio-7111, ¶ 48.  The same would be true had this matter gone to trial.  *State v. Barnette*, 12th Dist. Butler No. CA2012-05-099, 2013-Ohio-990, ¶23 (the trier of fact is in the best position to assess the witnesses' credibility and therefore is free to accept or reject any or all the testimony of any witness); *State v. Antill*, 176 Ohio St. 61, 67

---

4. We note that Cummins could have challenged the admissibility of Trooper Oiler's testimony through a motion in limine at trial.  Unlike a motion to suppress, "[a] motion in limine * * * is 'a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of [an] evidentiary issue.'" *State v. Harris*, 12th Dist. Butler No. CA2007-11-280, 2008-Ohio-4504, ¶ 27, quoting *State v. Grubb*, 28 Ohio St.3d 199, 201-02 (1986).  A plea of no contest, however, waives the offender's right to appeal a trial court's ruling on a motion in limine.  *See State v. Pyro*, 5th Dist. Delaware No. 04CAA01009, 2004-Ohio-4768, ¶ 19 ("a no contest plea generally waives any claim of error with respect to an adverse ruling on a motion in limine").

(1964) (the trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest").

{¶ 46} But, when considering the facts and circumstances of this case, coupled with the arguments raised herein, whether Trooper Oiler's testimony would be sufficient to prove Cummins had been operating a vehicle while under the influence of marijuana to support a finding of guilt is beyond the scope of this opinion. Again, the issue to be resolved at the suppression hearing was whether Trooper Oiler had probable cause to effectuate Cummins' arrest for operating a vehicle while under the influence of alcohol or drugs. The issue was not whether there was sufficient evidence to prove Cummins' guilt beyond a reasonable doubt. Therefore, when dealing with only those issues necessary to review the trial court's decision denying Cummins' motion to suppress, Cummins' second assignment of error lacks merit and is overruled.

**Conclusion**

{¶ 47} The trial court did not err by denying Cummins' motion to suppress where his arrest for operating a vehicle while under the influence of alcohol or drugs was proper. That is, stated differently, Cummins' arrest for operating a vehicle while under the influence of alcohol or a drug of abuse was supported by probable cause. The trial court also did not err by permitting Trooper Oiler to testify, at the suppression hearing, that she believed Cummins had been operating a vehicle while under the influence of marijuana. Therefore, finding no merit to any of the arguments raised herein, the trial court's decision denying Cummins' motion to suppress is affirmed.

{¶ 48} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.