[Cite as *State v. Hipsher*, 2023-Ohio-3750.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-04-033 |
| | : | O P I N I O N |
| - vs - | | 10/16/2023 |
| | : | |
| JACOB KEITH HIPSHER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL WARREN COUNTY COURT OF COMMON PLEAS
Case No. 22CR39841

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Johnna M. Shia, for appellant.

**M. POWELL, J.**

{¶ 1}  Appellant, Jacob Hipsher, appeals a decision of the Warren County Court of Common Pleas denying his motion to suppress evidence obtained during a search incident to his arrest.

I.  **FACTS AND PROCEDURAL HISTORY**

{¶ 2}  On Friday, October 7, 2022, Franklin Police Officer Gerrett Rosell responded

to a Speedway in Franklin, Ohio on a complaint of theft. Officer Rosell interviewed witnesses and viewed surveillance video. The surveillance video depicted a male individual pocket snacks, a drink, and other small items and exit the Speedway without paying. Officer Rosell recognized the individual in the surveillance video as appellant, with whom he had had contact in the past. One of the interviewed witnesses likewise identified the theft suspect as appellant. Officer Rosell then compared a recent LEADS photograph of appellant and photographs on appellant's Facebook page with the male theft suspect depicted by the surveillance video. Based upon this comparison, the officer further confirmed appellant as the suspect. The officer searched the area for appellant but was unable to locate him at that time.

{¶ 3} On Saturday, October 8, 2022, Officer Rosell prepared the paperwork for a misdemeanor theft complaint against appellant and an arrest warrant and deposited it in the Franklin Municipal Court dropbox. The municipal court was closed for the weekend.

{¶ 4} On Sunday, October 9, 2022, Officer Rosell responded to a report of two individuals chasing a man along South River Street in Franklin, Ohio. Upon responding, Officer Rosell recognized the man being chased as appellant, the theft suspect depicted in the Speedway surveillance video. Consequently, Officer Rosell arrested appellant for the October 7, 2022 Speedway theft. In searching appellant incident to his arrest, the officer found fentanyl-related substances on appellant's person. At the time Officer Rosell arrested appellant, the Franklin Municipal Court had not yet issued the warrant for appellant's arrest. The arrest warrant for appellant was not issued until Monday, October 10, 2022.

{¶ 5} Appellant was indicted in December 2022 on one count of possession of a fentanyl-related compound, a fifth-degree felony. Appellant moved to suppress the fentanyl he possessed at the time of his October 9, 2022 arrest, arguing that the arrest was an illegal warrantless misdemeanor arrest in violation of R.C. 2935.03(A)(1). The trial court

conducted a hearing on the motion to suppress. On February 17, 2023, the trial court denied appellant's motion. The trial court found that Officer Rosell had authority to arrest appellant without a warrant under R.C. 2935.03(A)(1), and therefore the search incident to the arrest was constitutional, because the officer had probable cause to arrest appellant for theft: "Stated another way, Officer Rosell was able to form a reasonable belief, based on his investigation, and upon circumstances perceived by his own sense, that a misdemeanor was committed." Appellant subsequently entered a no contest plea to the indictment and was convicted and sentenced to ten months in prison.

{¶ 6} Appellant now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED WHEN IT DENIED HIPSHER'S MOTION TO SUPPRESS.

## II. ANALYSIS

{¶ 8} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility. *State v. Hensgen*, 12th Dist. Clermont No. CA2017-01-008, 2017-Ohio-8793, ¶ 16. In turn, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* "'Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.'" *State v. Runyon*, 12th Dist. Clermont No. CA2010-05-032, 2011-Ohio-263, ¶ 12, quoting *Burnside*.

### A. Warrantless Arrests – Statutory Authority

{¶ 9} Appellant argues that his warrantless arrest was illegal and violative of R.C.

2935.03(A)(1) because Officer Rosell neither observed the commission of the theft nor witnessed any circumstances of the theft offense, such as observing appellant with the stolen property or appellant admitting he had committed the offense, at the time of the arrest. As a result, appellant argues, the trial court should have suppressed the fentanyl found on his person under the Fourth Amendment's exclusionary rule.

{¶ 10} The Fourth Amendment to the United States Constitution guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." *Accord* Ohio Constitution, Article I, Section 14. Generally, evidence obtained as a result of an unconstitutional search or seizure will be excluded under the exclusionary rule. *State v. Adkins*, 12th Dist. Butler Nos. CA2014-02-036 and CA2014-06-141, 2015-Ohio-1698, ¶ 48.

{¶ 11} Warrantless searches are per se unreasonable subject to "a few specifically established and well-delineated exceptions." *State v. Willis*, 12th Dist. Butler No. CA2012-08-155, 2013-Ohio-2391, ¶ 24, citing *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507 (1967). "One such exception is a search incident to a lawful arrest." *Willis*, citing *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034 (1969). In order for a search to be conducted pursuant to this exception, the arrest must be lawful. *Id.*

{¶ 12} R.C. 2935.03 cloaks law enforcement officers with authority to conduct warrantless arrests in certain situations. Under R.C. 2935.03(A)(1), a law enforcement officer is authorized to arrest without a warrant "a person found violating" a law within the officer's jurisdiction.[1] The Ohio Supreme Court has interpreted the phrase "found violating" to mean that law enforcement officers are authorized to make a warrantless arrest for a

---

1. R.C. 2935.03(A)(1) provides in pertinent part that a law enforcement officer "shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision in which the officer is appointed, employed, or elected, a law of this state, an ordinance of a municipal corporation, or a resolution of a township."

- 4 -

misdemeanor when they view the commission of the offense, i.e., the offense is committed in the arresting officer's presence. *See State v. Lewis*, 550 Ohio St. 179 (1893) (interpreting R.S. 7129, the precursor statute to R.C. 2935.03[A][1]); *State v. Henderson*, 51 Ohio St.3d 54 (1990). The supreme court has also interpreted R.S. 7129 as authorizing law enforcement officers to execute a warrantless arrest when the officer may not have viewed the commission of a crime but nevertheless has probable cause to believe the person subject to arrest is presently in the act of committing a crime. *State v. Jordan*, 166 Ohio St.3d 339, 2021-Ohio-3922, ¶ 37 (Stewart, J., dissenting), citing *Ballard v. State*, 43 Ohio St. 340 (1885); *Houck v. State*, 106 Ohio St. 195 (1922); and *Porello v. State*, 121 Ohio St. 280 (1929).

**{¶ 13}** The state directs our attention to R.C. 2935.03(B)(1), which limits an officer's warrantless-arrest authority to situations where the officer has "reasonable ground to believe" that an offense has been committed within the officer's jurisdiction—that is, the commission of the offense has already occurred—and "reasonable cause to believe" that the person subject to arrest is guilty of committing the offense—that is, information that may not have resulted from the officer directly observing the crime but is nonetheless sufficient and reliable information giving rise to the belief that the person to be arrested is the offender. *Jordan* at ¶ 38.[2] In such instances, a police officer still may arrest without a warrant but only if the offense is one of eight specific offenses, including a theft offense as defined in R.C. 2913.01. *Id.* R.C. 2935.03(B) is a well-recognized exception to the "in the presence" requirement in misdemeanor offenses. *See State Martin*, 12th Dist. Madison No. CA2004-07-026, 2005-Ohio-3511; *State v. O'Neill*, 3d Dist. Allen No. 1-14-21, 2015-Ohio-815. We

---

2. R.C. 2935.03(B)(1) provides in pertinent part that "[w]hen there is reasonable ground to believe that a theft offense as defined in [R.C.] 2913.01 has been committed within the limits of the political subdivision in which the officer is appointed, employed, or elected, the officer may arrest and detain until a warrant can be obtained any person who the officer has reasonable cause to believe is guilty of the violation."

find that appellant's warrantless arrest violated R.C. 2935.03(A)(1) because Officer Rosell neither observed the commission of the theft nor witnessed any circumstances of the theft offense, such as observing appellant with the stolen property or appellant admitting he had committed the offense, at the time of the arrest.

{¶ 14} However, we also find that appellant's warrantless arrest was lawful under R.C. 2935.03(B)(1) because, as discussed below, Officer Rosell had probable cause to arrest appellant for the Speedway theft.

### B. **Statutory Compliance and the Fourth Amendment**

{¶ 15} That appellant's warrantless misdemeanor arrest violated R.C. 2935.03(A)(1) and complied with R.C. 2935.03(B)(1) does not end our inquiry regarding whether the exclusionary rule applies here.

{¶ 16} "[S]tatutory authority to make an arrest does not mean that the arrest passes constitutional scrutiny." *Jordan*, 2021-Ohio-3922 at ¶ 17. "An arrest is 'quintessentially a seizure' that is subject to the Fourth Amendment and must be reasonable." *Id.* at ¶ 18; *Payton v. New York*, 445 U.S. 573, 585, 100 S.Ct. 1371 (1980); *United States v. Watson*, 423 U.S. 411, 428, 96 S.Ct. 820 (1976). "The Fourth Amendment's prohibition against unreasonable arrests 'sets a national floor' of minimum protection. Ohio's legislature 'may * * * establish protections [above] that floor,' but it may not delve beneath it. '[S]tate restrictions do not,' and cannot, 'alter the Fourth Amendment's protections.'" *Beckham v. Euclid*, 689 F.Appx 409, 414 (6th Cir.2017), citing *Graves v. Mahoning Cty.*, 821 F.3d 772, 778 (6th Cir.2016); and *Virginia v. Moore*, 553 U.S. 164, 176, 128 S. Ct. 1598 (2008). We must therefore determine whether appellant's arrest, although in accordance with R.C. 2935.03(B)(1), implicates any Fourth Amendment rights.

{¶ 17} Conversely, the Ohio Supreme Court has consistently held that the exclusionary rule does not apply to statutory violations falling short of constitutional

violations, absent a legislative mandate requiring the application of the exclusionary rule. *Kettering v. Hollen*, 64 Ohio St.2d 232, 234 (1980); *State v. Myers*, 26 Ohio St.2d 190 (1971); *State v. Campbell*, 170 Ohio St.3d 278, 2022-Ohio-3626. A plain reading of R.C. 2935.03(A)(1) reveals no such legislative mandate to impose an exclusionary remedy for a violation of the statute. *State v. Jones*, 121 Ohio St.3d 103, 2009-Ohio-316, ¶ 21. Thus, because a violation of state law warrants application of the exclusionary rule only when the violation contemporaneously rises to a Fourth Amendment violation, we must determine whether appellant's arrest made in violation of R.C. 2935.03(A)(1) implicates any Fourth Amendment rights.

{¶ 18} In other words, we must determine whether a warrantless misdemeanor arrest based upon probable cause under R.C. 2935.03(B)(1) but violative of R.C. 2935.03(A)(1), a state statute, rises to the level of a constitutional violation under the Fourth Amendment requiring suppression of the evidence under the exclusionary rule.[3]

### 1. Probable Cause to Arrest

{¶ 19} We first determine whether appellant's warrantless misdemeanor arrest was supported by probable cause under the Fourth Amendment.

{¶ 20} A warrantless arrest is constitutionally invalid unless the arresting officer has probable cause to make the arrest at that time. *State v. Timson*, 38 Ohio St.2d 122, 127 (1974); *State v. Thomas*, 2d Dist. Montgomery No. 21430, 2006-Ohio-6612, ¶ 8. For a warrantless arrest to be lawful, the arresting officer must have probable cause that the

---

3. Appellant did not argue below or in his brief that his warrantless arrest violated Article I, Section 14 of the Ohio Constitution. We therefore do not address that provision's application under the facts of this case. *See State v. Campbell*, 170 Ohio St.3d 278, 2022-Ohio-3626, ¶ 9, fn. 1. We also note that the Ohio Supreme Court has extended the protections of Article I, Section 14 of the Ohio Constitution beyond the protections of the Fourth Amendment in cases where police have stopped or arrested an individual for a minor misdemeanor without a warrant. *See State v. Jones*, 88 Ohio St.3d 430, 2000-Ohio-374; *State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931; *State v. Brown*, 143 Ohio St.3d 444, 2015-Ohio-2438. The case at bar does not involve a minor misdemeanor.

individual had committed an offense. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223 (1964). Probable cause is not subjective. *Willis*, 2013-Ohio-2391 at ¶ 25. Rather, probable cause is viewed under an objective standard and is present where, under the facts and circumstances within an officer's knowledge, a reasonably prudent person would believe that the arrestee has committed a crime. *Id.* Stated differently, "[w]hen a warrantless arrest is challenged on constitutional grounds, the court must determine whether the facts known to the officers at the time of the arrest would 'warrant a man of reasonable caution in the belief' that an offense has been committed." *Jordan*, 2021-Ohio-3922 at ¶ 19, quoting *Beck* at 96. In making this determination, we examine the totality of the facts and circumstances. *State v. Christopher*, 12th Dist. Clermont No. CA2009-08-041, 2010-Ohio-1816, ¶ 16, citing *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317 (1982). An arrest that is based on probable cause is a reasonable intrusion under the Fourth Amendment whereas an arrest that is not supported by probable cause constitutes an unreasonable seizure. *Jordan* at ¶ 19, citing *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467 (1973); and *Beck* at 90-91.

{¶ 21} The surrounding facts and circumstances provided Officer Rosell with probable cause to arrest appellant without a warrant for the Speedway theft. Specifically, Officer Rosell personally viewed the surveillance video depicting a person stealing items from the Speedway, and identified appellant as the thief based upon a comparison of appellant's recent LEADS and Facebook photographs with the surveillance video, a witness identification, and the officer's own recognition of appellant from prior contacts. These circumstances provided Officer Rosell with probable cause to arrest appellant. *See State v. Mesa*, 87 Ohio St.3d 105, 1999-Ohio-253; *State v. Smith*, 8th Dist. Cuyahoga No. 92561, 2009-Ohio-5010.

## 2. The "In the Presence" Requirement and the Fourth Amendment

{¶ 22} We next determine whether appellant's warrantless misdemeanor arrest violated the Fourth Amendment because the offense was not committed in the presence of Officer Rosell. Stated differently, does the Fourth Amendment mandate that warrantless misdemeanor arrests be limited only to those offenses committed "in the arresting officer's presence"?

{¶ 23} In *Oregon v. Szakovits*, 32 Ohio St.2d 271 (1972), a police officer appeared on the scene shortly after an automobile accident; there, he found a person appearing to be under the influence of alcohol and who admitted to driving the involved vehicle. The officer made a warrantless arrest of the driver for misdemeanor OVI and later administered a breathalyzer test to the driver. The driver moved to suppress the results of the breathalyzer test. The supreme court defined the issue before it as "whether a warrantless arrest for operating a motor vehicle while under the influence of alcohol is illegal, if the operation of the vehicle is not actually viewed by the arresting officer." *Id.* at 272-273. The supreme court found the arrest valid. Citing *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826 (1966), the supreme court noted that the blood-alcohol content evidence was an appropriate incident to the arrest and affirmed the trial court's denial of the driver's motion to suppress. By finding the arrest legal and declining to apply the exclusionary rule to the results of the breathalyzer test, the supreme court implicitly recognized that the Fourth Amendment does not require an arresting officer to witness the commission of an offense to justify a warrantless misdemeanor arrest based on probable cause.

{¶ 24} In *Henderson*, the supreme court generally observed that "an officer may not make a warrantless arrest for a misdemeanor unless the offense is committed in the officer's presence." *Henderson*, 51 Ohio St.3d at 56. Nonetheless, the supreme court found that a warrantless arrest for a misdemeanor offense that was not committed in the arresting officer's presence complied with the Fourth Amendment where the arresting officer relied

upon information supplied by another officer who did observe the offense being committed. The supreme court went on to hold that because the arrest was legal, the results of the breathalyzer test and field sobriety tests were not fruit of the poisonous tree and were not subject to exclusion. As was the case in *Szakovits*, this holding implicitly recognizes that the "in the presence" requirement is not constitutionally mandated.

{¶ 25} A review of federal cases also indicates that the "in the presence" requirement is not mandated by the Fourth Amendment.

{¶ 26} In 2001, the United States Supreme Court considered whether a warrantless full-custodial arrest for a seatbelt violation, punishable only by a fine, comported with the Fourth Amendment. *Atwater v. Lago Vista*, 532 U.S. 318, 121 S.Ct. 1536 (2001). The Supreme Court held that an officer may arrest an individual without violating the Fourth Amendment if there is probable cause to believe that the offender has committed even a very minor criminal offense in the officer's presence. *Id.* at 354. Significantly, the *Atwater* court acknowledged that it "has not had much to say about warrantless misdemeanor arrest authority" and that the instant case did not call upon the court to "speculate whether the Fourth Amendment entails an 'in the presence' requirement for purposes of misdemeanor arrests." *Id.* at 340 and at fn. 11.

{¶ 27} Acknowledging that the "in the presence" requirement for warrantless misdemeanor arrests is "an open question" at the Supreme Court, the United States Court of Appeals for the Sixth Circuit has held, "it's not an open question at our court. The 'requirement that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest,' we have explained, 'is not mandated by the Fourth Amendment.'" *Graves*, 821 F.3d at 778, citing *United States v. Smith*, 73 F.3d 1414, 1416 (6th Cir.1996). *See also Street v. Surdyka*, 492 F.2d 368, 372 (4th Cir.1974) ("We do not think the [F]ourth [A]mendment should now be interpreted to prohibit warrantless arrests for misdemeanors

committed outside an officer's presence"); *Fields v. South Houston*, 922 F.2d 1183, 1189 (5th Cir. 1991) ("The United States Constitution does not require a warrant for misdemeanors not occurring in the presence of the arresting officer"); *Barry v. Fowler*, 902 F.2d 770, 772 (9th Cir. 1990) ("The requirement that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment").

{¶ 28} As illustrated above, the United States Supreme Court has not addressed whether the "in the presence" requirement for warrantless misdemeanor arrests is mandated by the Fourth Amendment. By contrast, the Fourth, Fifth, Sixth, and Ninth Circuit Courts of Appeals have held that the "in the presence" requirement is a vestige of common law and not mandated by the Fourth Amendment.

{¶ 29} The Ohio Supreme Court has never explicitly addressed the issue of whether the common law "in the presence" requirement is mandated by the Fourth Amendment or Article I, Section 14 of the Ohio Constitution. However, as detailed above, the supreme court upheld warrantless arrests for misdemeanors that were not committed in the presence of the arresting officers in *Szakovits* and *Henderson*. Specifically, in both cases, the supreme court held that the warrantless arrests were legal and that the evidence developed pursuant to the arrests was not subject to suppression. Both cases implicated the Fourth Amendment protection against unreasonable searches and seizures. These holdings plainly suggest that the supreme court does not consider the "in the presence" requirement to be mandated by the Fourth Amendment. Otherwise, the supreme court could not have excepted a protection guaranteed by the United States Constitution.

{¶ 30} It is apparent that Ohio courts, while perhaps not so stating, do not consider the "in the presence" requirement to be of constitutional dimension and uphold warrantless misdemeanor arrests for offenses that are not committed in the arresting officer's presence

if there is probable cause. We hold that the Fourth Amendment does not entail an "in the presence" requirement for purposes of warrantless misdemeanor arrests. Accordingly, appellant's warrantless arrest for a misdemeanor offense, based upon probable cause, but not committed in Officer Rosell's presence, does not violate the Fourth Amendment.

### III. CONCLUSION

**{¶ 31}** Because appellant's warrantless misdemeanor arrest for an offense not committed in the arresting officer's presence did not violate the Fourth Amendment, the exclusionary rule associated with the Fourth Amendment does not apply. The only violation in this case was a statutory one, specifically R.C. 2935.03(A)(1). But as the United States Supreme Court explained in *Moore*, "it is not the province of the Fourth Amendment to enforce state law. That Amendment does not require the exclusion of evidence obtained from a constitutionally permissible arrest." *Moore*, 553 U.S. at 178; *Campbell*, 2022-Ohio-3626 at ¶ 21. Because appellant's warrantless misdemeanor arrest involved a statutory violation only, there was no basis to exclude the evidence obtained as a result of the search incident to the arrest.

**{¶ 32}** The trial court, therefore, did not err in denying appellant's motion to suppress the fentanyl found in his possession. Appellant's assignment of error is overruled.

**{¶ 33}** Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.