[Cite as *State v. Hayes*, 2024-Ohio-5545.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-03-040 |
| | : | O P I N I O N |
| - vs - | | 11/25/2024 |
| | : | |
| KYLE G. HAYES, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2023-07-0967

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Law Office of John H. Forg, and John H. Forg, III, for appellant.

**HENDRICKSON, J.**

{¶ 1}   Appellant, Kyle G. Hayes, appeals his convictions in the Butler County Court of Common Pleas for three counts of aggravated possession of drugs, assault, and failure to comply with an order or signal from a police officer.

{¶ 2}   On June 21, 2023, Middletown Police Officer Jacob Swanger was on duty driving his cruiser around town when he observed two individuals riding their bikes on the

street. One of the bikers, later identified as Hayes, was riding his bike in the middle of the street. Officer Swanger believed Hayes violated R.C. 4511.55(A) which requires a bicyclist riding in the street to ride as near to the right side of the road as practicable.[1]

{¶ 3} Based upon these observations, Officer Swanger activated his overhead lights and sounded his air horn to get the cyclists to stop. Instead of stopping, Hayes first rode his bike away from Officer Swanger onto a sidewalk but then proceeded back onto the street at which time Officer Swanger shouted at Hayes to stop. After Officer Swanger sounded his cruiser's air horn a second time, Hayes got off his bicycle and proceeded down the street away from Officer Swanger.

{¶ 4} Officer Swanger then got out of his cruiser and told Hayes to stop. Hayes initially kept walking away but turned around and started walking back to Officer Swanger. Officer Swanger noticed Hayes was wearing a large, sheathed knife on his right hip. Due to this and the fact that Officer Swanger's "two subjects [were] separated[,]" Officer Swanger ordered Hayes to get to the ground. Hayes refused to do so, at which point Officer Swanger told Hayes he was under arrest. Fearing for his safety, Officer Swanger also pulled out his taser and again ordered Hayes to get on the ground.

{¶ 5} At that point, Hayes positioned himself behind the other bicyclist, before running down the street. Officer Swanger chased down Hayes, grabbed him, and took him to the ground. Officer Swanger ordered Hayes to lay face down and present his hands, but Hayes refused to do so. Hayes then reached down towards his own waistband, where the sheathed knife was, prompting Officer Swanger to punch Hayes in the face.

---

1. Officer Swanger also believed Hayes violated Middletown City Ordinance 474.06. However, for the reasons discussed below, we need not apply that ordinance to the facts of this case to affirm Hayes' convictions.

{¶ 6} The two continued to struggle on the ground before Hayes' kicked Officer Swanger in the chest and left side of the face. Hayes eventually broke away from Officer Swanger and ran back to his bike down the street. Officer Swanger ran after him and took Hayes to the ground once again. Officer Swanger was unable to place Hayes in handcuffs until other officers arrived at the scene.

{¶ 7} After arresting Hayes, another officer performed a search of Hayes' person and found approximately 20 grams of a crystal-like substance on him. The substance was later tested and identified as methamphetamine. In addition, Officer Swanger learned that Hayes had a warrant for his arrest by the Ohio Parole Authority.

{¶ 8} Hayes was subsequently indicted on three counts of aggravated possession of drugs, assault, and failure to comply with an order or signal from a police officer. Hayes filed a motion to suppress, arguing there was no probable cause for his arrest after riding as far as possible to the right side of the road. Thus, he asserted the drugs found on his person and his entire interaction with law enforcement could not be presented at trial.

{¶ 9} At the suppression hearing, Officer Swanger testified to the facts laid out above. The State also introduced a cell phone video taken by a bystander which showed part of the altercation between Hayes and Officer Swanger. The copy of the video presented at the hearing appeared to have been taken from a social media website. Officer Swanger testified he did not take the video but that he was depicted in it and that it "fairly and accurately" portrayed the incident. Hayes did not object to this exhibit at the hearing, and it was admitted into evidence.

{¶ 10} The trial court held that Officer Swanger had probable cause to stop Hayes for cycling violations and that Hayes then committed further crimes and was arrested. The trial court therefore concluded the subsequent search was a search incident to arrest,

and Hayes' motion to suppress was denied.

{¶ 11} Hayes later entered a no contest plea to the charges set forth in the indictment, and the trial court sentenced Hayes to an indeterminate sentence of four to six years on the drug charges, 12 months consecutive on the assault charge, and 180 days concurrent on the failure to comply charge. Thus, the total aggregate sentence was five to seven years.

{¶ 12} On appeal, Hayes raises a single assignment of error.

{¶ 13} THE TRIAL COURT ERRED IN FAILING TO SUPPRESS EVIDENCE OBTAINED FROM THE UNCONSITUTIONAL ARREST OF HAYES.

{¶ 14} Within this assignment of error, Hayes raises two separate issues for our review that encapsulates his argument on appeal. We will address each in turn.

{¶ 15} FIRST ISSUE PRESENTED FOR REVIEW: ONCE [OFFICER] SWANGER ATTEMPTED TO STOP HAYES FOR A MINOR MISDEMEANOR TRAFFIC VIOLATION. [Sic] RATHER THAN SIMPLY ISSUING A CITATION, AS REQUIRED, HE IMPROPERLY ATTEMPTED TO TASE AND HANDCUFF HAYES.

{¶ 16} First, Hayes argues that Officer Swanger could not arrest Hayes for a minor misdemeanor traffic violation and that he complied with Officer Swanger's orders because he walked back to Officer Swanger after "realizing" he was being ordered to do so.

{¶ 17} Our review of the trial court's ruling on Hayes' motion to suppress presents a mixed question of fact and law. *State v. Hipsher*, 2023-Ohio-3750, ¶ 8 (12th Dist.). "[T]his court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence . . . [but we] 'independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.'" *Id.* quoting *State v. Runyon*, 2011-Ohio-263, ¶ 12 (12th Dist.).

{¶ 18} The Fourth Amendment to the United States Constitution and Article I,

Section 14 of the Ohio Constitution prohibit unreasonable searches and seizures. *State v. Dunn*, 2022-Ohio-4136, ¶ 16 (12th Dist.). Typically, any evidence obtained as a result of an unreasonable search or seizure will be excluded from use against a defendant. *Hipsher* at ¶ 10. Warrantless searches and seizures "are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *Dunn* at ¶16, quoting *Katz v. United States*, 389 U.S. 347, 357 (1967).

{¶ 19} One such exception is a search incident to a lawful arrest. *Hipsher* at ¶ 11. Generally speaking, law enforcement may arrest an individual for a crime as long as law enforcement has probable cause to believe a crime was committed. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, (2001). "[P]robable cause is viewed under an objective standard and is present where, under the facts and circumstances within an officer's knowledge, a reasonably prudent person would believe that the arrestee has committed a crime." *Hipsher* at ¶ 20, citing *State v. Willis*, 2013-Ohio-2391, ¶ 25 (12th Dist.).

{¶ 20} While Swanger was not able to arrest Hayes under Ohio law for a violation of R.C. 4511.55, Swanger had probable cause to arrest Hayes for failure to comply with orders. R.C. 4511.55(A) states "[e]very person operating a bicycle . . . upon a roadway shall ride as near to the right side of the roadway as practicable . . ." Violation of this statute is a minor misdemeanor. Importantly, R.C. 2935.26(A) prohibits law enforcement from arresting an individual for minor misdemeanors unless certain exceptions apply (none of which are relevant to this case). However, R.C. 2921.331 makes it illegal to "fail to comply with any lawful order or direction of any police officer invested with authority to direct, control, or regulate traffic." Violation of that statute is a first-degree misdemeanor for which a full custodial arrest is proper. *See id.*, R.C. 2935.26(A).

{¶ 21} Here, Hayes does not challenge Swanger's testimony on appeal, including that Hayes was riding his bicycle in the middle of the street as opposed to being as far

right on the roadway as possible. Thus, Swanger had probable cause to believe Hayes violated R.C. 4511.55 after viewing him ride his bike down the middle of the street. Hayes is correct that Swanger did not have authority to arrest Hayes at this point, but Swanger subsequently gained probable cause to believe Hayes also failed to comply with the order or signal of a police officer in violation of R.C. 2921.331(A) when Hayes (1) ignored Officer Swanger's repeated verbal, visual, and audible orders to stop and (2) ignored Officer Swanger's orders to get on the ground after Hayes approached Officer Swanger with a sheathed knife strapped to his leg.

{¶ 22} Officer Swanger was the only person to testify at the hearing, and we see nothing in the hearing transcript to support Hayes' assertion that his failures to comply were the result of a simple misunderstanding. Regardless, we conclude that a reasonably prudent person would believe under these circumstances that Hayes was failing to comply with Officer Swanger's authority to regulate traffic. Thus, Hayes' subsequent arrest did not stem from a minor misdemeanor, but from a first-degree misdemeanor (not to mention everything else that followed) for which Officer Swanger did possess authority to arrest Hayes and conduct a search incident to that arrest.

{¶ 23} For these reasons, we find Officer Swanger's arrest of Hayes was supported by Ohio law.

{¶ 24} SECOND ISSUE PRESENTED FOR REVIEW: THE PROSECUTION SUBMITTED A VIDEOTAPE OF THE INTERACTION BETWEEN [OFFICER] SWANGER AND HAYES THAT WAS NOT PROPERLY AUTHENTICATED, BUT WHICH THE TRIAL COURT DID PLAY AND ADMIT INTO EVIDENCE.

{¶ 25} Next, Hayes argues the video footage of the confrontation between Swanger and Hayes that was not properly authenticated at the suppression hearing, citing concerns that the video was a copy from social media.

{¶ 26} Hayes' arguments are unavailing for two reasons. First, Hayes failed to raise any objections at the suppression hearing regarding presentation of the video and has thus forfeited them on appeal. "This court has consistently applied [the] principle . . . [that] 'a party cannot raise new issues or legal theories for the first time on appeal because such issues or theories are deemed waived.'" *State v. Salem*, 2023-Ohio-2914, ¶ 19 (12th Dist.), quoting *State v. Keating*, 2020-Ohio-2770, ¶ 27 (12th Dist.).

{¶ 27} Second, while Hayes is correct that Evid.R. 901(A) requires evidence be sufficiently authenticated "to support a finding that the matter in question is what its proponent claims[,]" it is a "well established principle that the rules of evidence are not applicable in a suppression hearing." *State v. Cummins*, 2019-Ohio-1496, ¶ 43 (12th Dist.). *See also State v. Boczar*, 2007-Ohio-1251, ¶ 17. Therefore, the video did not need to be authenticated at the suppression hearing.

{¶ 28} For the foregoing reasons, Hayes' assignment of error is overruled.

{¶ 29} Judgment affirmed.

BYRNE, P.J., and M. POWELL, J., concur.